GEORGE GASCÓN, SBN 182345
District Attorney of San Francisco
JUNE D. CRAVETT, SBN 105094
Assistant Chief District Attorney
EVAN H. ACKIRON, SBN 164628
Managing Assistant District Attorney
ERNST A. HALPERIN, SBN 175493
Assistant District Attorney
NANCY TUNG, SBN 203236
Assistant District Attorney
GREGORY M. ALKER, SBN 204838
Assistant District Attorney
PHOEBE MAFFEI, SBN 271346
Assistant District Attorney
SEAN M. KILEY, SBN 282075
Assistant District Attorney
732 Brannan Street
San Francisco, California 94103
Telephone: (415) 551-9545

JACKIE LACEY, SBN 110808
District Attorney of the County of Los Angeles
STANLEY PHILLIP WILLIAMS, SBN 106658
Head Deputy District Attorney
HOON CHUN, SBN 132516
Assistant Head Deputy District Attorney
JEFFREY MCGRATH, SBN 131702
Deputy District Attorney
201 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012

*Attorneys for Third Party The People of the State of California*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PHILLIBEN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 4:14-CV-05615-DMR <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA'S NOTICE OF RELATED CASE UNDER CALIFORNIA RULE OF COURT 3.300. |

1  Third party, the People of the State of California, by George Gascón, District Attorney for
2  the City and County of San Francisco, and Jackie Lacey, District Attorney for the County of Los
3  Angeles hereby submit the enclosed Notice of Related Case pursuant to California Rule of Court
4  3.300.

5  DATED: January16, 2015    GEORGE GASCÓN
6                             District Attorney, City and County of San Francisco

7                             BY: /s/ Ernst A. Halperin
                                  Ernst A. Halperin
8                                 Assistant District Attorney

| | CM-015 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ernst A. Halperin (Bar # 175493)<br>San Francisco District Attorney's Office<br>732 Brannan Street, San Francisco, CA 94103<br><br>TELEPHONE NO.: 415-551-9545    FAX NO. *(Optional)*: 415-551-9504<br>E-MAIL ADDRESS *(Optional)*: ernst.halperin@sfgov.org<br>ATTORNEY FOR *(Name)*: THE PEOPLE OF THE STATE OF CALIFORNIA | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: The People of the State of California<br>DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CASE NUMBER:<br>CGC-14-543120<br>JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Vamsi Tadepalli v. Uber Technologies, Inc.
   b. Case number: CGC-14-543032
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address)*:
   d. Department:
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify)*:
   f. Filing date: December 3, 2014
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      [ ] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [✓] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: Matthew Philliben, et al. v. Uber Technologies, Inc., et al.
   b. Case number: 4:14-CV-05615-DMR
   c. Court: [ ] same as above
      [✓] other state or federal court *(name and address)*: United States District Court, N.D. California
   d. Department:

Form Approved for Optional Use<br>
Judicial Council of California<br>
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3<br>
Cal. Rules of Court, rule 3.300<br>
www.courtinfo.ca.gov

| | CM-015 |
|---|---|
| PLAINTIFF/PETITIONER: The People of the State of California<br>DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CASE NUMBER:<br>CGC-14-543120 |

2. *(continued)*
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify):* FRCP 23
   f. Filing date: December 23, 2014
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☐ involves the same parties and is based on the same or similar claims.
      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☑ Additional explanation is attached in attachment 2h
   i. Status of case:
      ☑ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

3. a. Title: Andrea Pappey v. Uber Technologies, Inc.
   b. Case number: 3:15-CV-00064-EDL
   c. Court: ☐ same as above
      ☑ other state or federal court *(name and address):* United States District Court, N.D. California
   d. Department:
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify):* FRCP 23
   f. Filing date: January 6, 2015
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☐ involves the same parties and is based on the same or similar claims.
      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☑ Additional explanation is attached in attachment 3h
   i. Status of case:
      ☑ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: January 15, 2015

Ernst A. Halperin
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                    (SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF RELATED CASE

(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)

1. I am at least 18 years old and **not a party to this action**. I am a resident of or employed in the county where the mailing took place, and my residence or business address is (specify):

   732 Brannan Street, San Francisco, CA 94103

2. I served a copy of the Notice of Related Case by enclosing it in a sealed envelope with first-class postage fully prepaid and (check one):

   a. ☑ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The Notice of Related Case was mailed:
   a. on (date): January 16, 2015
   b. from (city and state): San Francisco, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Nanci Clarence (Atty for Defs 14-543120)
   Street address: 889 Ellis Street
   City: San Francisco
   State and zip code: CA 94109

   b. Name of person served:
   John Roddy (Atty for Pf, CGC-14-543032)
   Street address: 125 Summer St., Suite 1030
   City: Boston
   State and zip code: MA 02110

   c. Name of person served:
   Todd Schneider (Att for Plaintiff, CGC-14-543032)
   Street address: 180 Montgomery Street, Suite 2000
   City: San Francisco
   State and zip code: CA 94104

   d. Name of person served:
   Pedro Jaile (Atty for Plaintiff, CGC-14-543032)
   Street address: 188 Summer Street
   City: East Boston
   State and zip code: MA 02128

☑ Names and addresses of additional persons served are attached. (You may use form POS-030(P).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 16, 2016

Vadim Rotberg
(TYPE OR PRINT NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

| | MC-025 |
|---|---|
| SHORT TITLE:<br>PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CASE NUMBER:<br>CGC-14-543120 |

**ATTACHMENT** (Number): 1h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 3, 2014, Tadepalli v. Uber Technologies, Inc. (CGC-14-543032) was commenced in San Francisco Superior Court as a putative class action against Uber Technologies Inc. The Tadepalli action is brought on behalf of a class of California residents. In the complaint, the plaintiff sets forth eight causes of action all related to Uber's practice of charging a $4.00 "SFO Airport Fee Toll." The plaintiff's first cause of action arises under California Business and Professions Code section 17200, et seq., and the plaintiff seeks injunctive relief, as well as restitution, interest, and attorneys' fees.

The People's enforcement action and the Tadepalli lawsuit have only one thing in common: the Tadepalli action seeks to remedy one of the five unlawful business practices that are at issue in the People's enforcement action. There will likely be similar discovery sought and exchanged in both actions on this particular claim only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Tadepalli action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, the unlawful airport fee toll, which represents the entirety of the private plaintiff's case, is but one of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*   Page 4 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CASE NUMBER: CGC-14-543120 |

**ATTACHMENT** (Number): 2h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber's makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 23, 2014, Philliben, et al., v. Uber Technologies, Inc., et al., (14-CV-05615-DMR) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., and Rasier LLC. The Philliben action is brought on behalf of a nationwide class. The Philliben complaint includes allegations related to only two of the five unlawful business practices at issue in the People's enforcement action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. Plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. Plaintiff seeks restitution and/or disgorgement, injunctive relief, interest, costs, and attorneys' fees.

The People's enforcement action and the Philliben lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the Plaintiff in the Philliben action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private Plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Philliben hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

| | MC-025 |
|---|---|
| SHORT TITLE:<br>PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CASE NUMBER:<br>CGC-14-543120 |

**ATTACHMENT** (Number): 3h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On January 6, 2015, Andrea Pappey v. Uber Technologies, Inc. (15-CV-00064-EDL) was commenced in the United States District Court for the Northern District of California as a putative class action. The Pappey action is brought on behalf of a nationwide class or, in the alternative, a Massachusetts subclass. The Pappey complaint includes allegations related to only two of the five unlawful business practices at issue in the Enforcement Action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. The plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The plaintiff also advances claims for breach of implied contract and unjust enrichment. The plaintiff seeks damages, injunctive relief, costs and attorneys' fees, as well as other relief.

The People's enforcement action and the Pappey lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Pappey action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Pappey hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 6 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**POS-030(P)**

| SHORT TITLE: People v. Uber Technologies, Inc., et al. | CASE NUMBER: CGC-14-543120 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address (number, street, city, and zip code) |
|---|---|
| Laurence F. Pulgram (Defendant, CGC-14-543032) | Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104 |
| Mike Arias (Plaintiffs, 4:14-CV-05615-DMR) | Arias, Ozzello & Gignac, LLP, 6701 Cener Drive West, Suite 1400, Los Angeles, California 90045-7504 |
| Steven D. Liddle (Plaintiffs, 4:14-CV-05615-DMR) | Liddle & Dubin, P.C., 975 E. Jefferson Avenue, Detroit, Michigan, 48207 |
| Tina Wolfson (Plaintiff, 3:15-CV-00064-EDL) | Adhoot & Wolfson, PC, 1016 Palm Ave., West Hollywood, California, 90069 |
| Uber Technologies, Inc., Rasier-CA, LLC, Rasier, LLC | National Registered Agents, Inc., 818 West Seventh Street, 2nd Floor, San Francisco, CA 90017 |