1  [*Counsel of Record Listed on Following Page*]

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN FRANCISCO DIVISION**

11  MATTHEW PHILLIBEN, JULIAN MENA,      )   Case No. 3:14-cv-05615-JST
    TODD SCHREIBER, NATE COOLIDGE,       )
12  ERNESTO MEJIA, and BYRON             )   COMBINED JOINT CASE MANAGEMENT
    MCKNIGHT, individually and on behalf of all )   STATEMENT
13  others similarly situated,           )
                                         )   Judge:  Hon. Jon S. Tigar
14              Plaintiffs,              )   Date:   January 25, 2016
                                         )   Time:   1:30 p.m.
15         vs.                           )   Place:  San Francisco Courthouse
                                         )           Courtroom 9, 19th Floor
16  UBER TECHNOLOGIES, INC., a Delaware  )           450 Golden Gate Ave.
    Corporation; and RASIER, LLC, a Delaware )           San Francisco, CA 94102
17  Limited Liability Company,           )
                                         )
18              Defendants.             )
    ─────────────────────────────────── )

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1   ROBERT AHDOOT, SBN 172098
      rahdoot@ahdootwolfson.com
2   TINA WOLFSON, SBN 174806
      twolfson@ahdootwolfson.com
3   MEREDITH S. LIERZ, SBN 296650
      mlierz@ahdootwolfson.com
4   **AHDOOT & WOLFSON, P.C.**
    1016 Palm Ave.
5   West Hollywood, California 90069
    Tel: 310-474-9111; Fax: 310-474-8585
6
    Attorneys for Plaintiffs,
7   Julian Mena, Todd Schreiber, Nate Coolidge,
    and Ernesto Mejia
8
9   MIKE ARIAS, SBN 115385
      mike@asstlawyers.com
10  ALFREDO TORRIJOS, SBN 222458
      alfredo@asstlawyers.com
11  **ARIAS, SANGUINETTI, STAHLE &
    TORRIJOS, LLP**
12  6701 Center Drive West, Suite 1400
    Los Angeles, California 90045-7504
13  Tel: 310-844-9696; Fax: 310-861-0168
14  STEVEN D. LIDDLE (admitted pro hac vice)
      sliddle@mldclassaction.com
15  NICHOLAS A. COULSON (admitted pro hac
    vice)
16    ncoulson@mldclassaction.com
    **LIDDLE & DUBIN, P.C.**
17  975 E. Jefferson Avenue
    Detroit, Michigan 48207
18  Tel: 313-392-0015; Fax: 313-392-0025
19  Attorneys for Plaintiffs,
    Matthew Philliben and Byron McKnight
20
21  BRUCE L. SIMON (Bar No. 96241)
      bsimon@pswlaw.com
22  BENJAMIN E. SHIFTAN (Bar No. 265767)
      bshiftan@pswlaw.com
23  **PEARSON, SIMON & WARSHAW, LLP**
    44 Montgomery Street, Suite 2450
24  San Francisco, California 94104
    Phone: (415) 433 9000; Fax: (415) 433 9008
25
    Attorneys for Plaintiffs in *LA Taxi v. Uber*
26
    **LAW OFFICES OF HAROLD M. JAFFE**
27  HAROLD M. JAFFE (BAR NO. 57397)
    3521 Grand Avenue
28  Oakland, CA 94610
    Phone: (510) 452-2610; Fax: (510) 452-9125

**IRELL & MANELLA LLP**
Andra Barmash Greene (123931)
  agreene@irell.com
A. Matthew Ashley (198235)
  mashley@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

Attorneys for Defendants in *LA Taxi v. Uber*,
*Philliben v. Uber*, *Mena v. Uber*, and *Sabatino
v. Uber*

**ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP**
MARSHALL C. WALLACE (127103)
KAMRAN JAVANDEL (272900)
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: mwallace@allenmatkins.com

MARISSA M. DENNIS (245027)
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mdennis@allenmatkins.com

Attorneys for Defendants in *Rosen v. Uber*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

6482644

1   E-Mail: jaffe510@aol.com

2

3   **LAW OFFICES OF BRIAN W. NEWCOMB**
    BRIAN W. NEWCOMB (BAR NO. 55156)
    770 Menlo Avenue, Suite 101
4   Menlo Park, CA 94025
    Phone: (650) 322-7780; Fax: (650) 322-7740
5   E-Mail: brianwnewcomb@gmail.com

6   Attorneys for Plaintiffs in *Rosen v. Uber*

7

8   **MLG AUTOMOTIVE LAW, APLC**
    Jonathan A. Michaels, Esq. – State Bar No.
    180455
9   Kathryn J. Harvey, Esq. – State Bar No. 241029
    Kianna C. Parviz, Esq. – State Bar No. 293568
10  M. Todd Ratay, Esq. – State Bar No. 241299
    2801 W. Coast Highway, Suite 370
11  Newport Beach, CA 92663
    Telephone: (949) 581-6900
12  Facsimile: (949) 581-6908
    (jmichaels@mlgautomotivelaw.com)
13  (kharvey@mlgautomotivelaw.com)
    (kparviz@mlgautomotivelaw.com)
14  (tratay@mlgautomotivelaw.com)

15  Attorneys for Plaintiff,
    Jacob Sabatino

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1      Since this Court's December 10, 2015 Order Setting Combined Case Management

2 Conference, there have been several developments.  First, *Sabatino v. Uber Technologies, Inc. et*

3 *al.*, No. 15-cv-00363-JST has settled.  *See Sabatino* Dkt. No. 46 (Notice of Settlement).  For this

4 reason, the *Sabatino* case is not discussed further in this Combined Joint Case Management

5 Statement.

6      Second, Plaintiffs in *Philliben et al. v. Uber Technologies et al.* and *Mena et al. v. Uber*

7 *Technologies et al.*, consolidated as case No. 14-cv-05615-JST (see *Philliben* Dkt. No. 66), filed a

8 Consolidated Complaint (*See* Dkt. No. 67).  The Parties in *Philliben* and *Mena* have reached a

9 settlement in principal and are working on a Stipulation of Settlement which they expect to present

10 to the Court for approval in the very near future.  Based on this development, the Parties in

11 *Philliben* and *Mena* do not believe it is productive to include a discussion of their consolidated

12 case in this Combined Joint Case Management Statement.

13      In light of the above, and pursuant to the Court's December 10, 2015 Order (*Philliben* Dkt.

14 No. 62), the Parties in *L.A. Taxi Cooperative et al. v. Uber Technologies et al.*, and *Rosen v. Uber*

15 *Technologies, Inc. et al.*, submit this Combined Joint Case Management Statement.  For ease of

16 reference, Plaintiffs in *L.A. Taxi Cooperative et al. v. Uber Technologies et al.*, No. 15-cv-01257-

17 JST, are referred to as "L.A. Taxi Plaintiffs" and the Plaintiff in *Rosen v. Uber Technologies, Inc.*

18 *et al.*, No. 15-cv-3866-JST, is referred to as "Rosen."  Defendants Uber Technologies, Inc., Rasier,

19 LLC, and Rasier-CA, LLC are collectively referred to as "Uber."[1]

20

21

22

23

24

25

26

27      [1] This Combined Joint Case Management Statement has been filed in each of the cases

28 related to *Philliben et al. v. Uber Technologies, Inc. et al.* with a caption page for the respective
case in which it is filed.  The Combined Joint Case Management Statement is otherwise identical.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

1.   **Jurisdiction and Service**

   A.   *L.A. Taxi v. Uber*

This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1331 (federal question claims).  This Court also has supplemental subject matter jurisdiction with respect to the state law claim under the California False Advertising Law (California Business and Professions Code, § 17500) pursuant to 28 U.S.C. § 1367.  All Defendants have been served.

   B.   *Rosen v. Uber*

**Rosen:**  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1331 (federal question claims).  Pursuant to 28 U.S.C. § 1367, this Court also has supplemental subject matter jurisdiction with respect to the state law claim under California False Advertising Law (California Business and Professions Code § 17500).  All Defendants have been served.

**Uber:**  On January 7, 2016, Uber filed motions to dismiss and to strike portions of Rosen's Complaint, which are set to be heard on February 11, 2016.  Uber's motions challenge the Court's jurisdiction to adjudicate Rosen's causes of action for unfair competition under Cal. Bus. & Prof. Code § 17200 ("UCL"), and intentional and negligent interference with prospective economic relations.  Uber contends that the Court lacks jurisdiction under Cal. Pub. Util. Code § 1759 because the relief sought by Rosen's Complaint would hinder and interfere with the jurisdiction exercised by the California Public Utilities Commission ("CPUC").  Before filing the motions, Uber's counsel initiated meet-and-confer efforts regarding, among other things, Uber's position that the Court lacks jurisdiction to adjudicate Rosen's UCL and interference-based claims under Cal. Pub. Util. Code § 1759.  Though Rosen's jurisdictional statement above suggests that the Court only has jurisdiction over his Lanham Act and False Advertising Law claims, Rosen refused to eliminate the Complaint's CPUC-related allegations, or otherwise dismiss his UCL and interference-based claims, which caused Uber to file its motions to dismiss and to strike.

The Court has subject matter jurisdiction over Rosen's Lanham Act claim pursuant to 15 U.S.C. § 1121 (Lanham Act claim) and 28 U.S.C. § 1331 (federal question claim).  This Court

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 2 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1   also has supplemental subject matter jurisdiction with respect to the state law claim under the

2   California False Advertising Law (Cal. Bus. and Prof. Code § 17500) pursuant to 28 U.S.C. §

3   1367.  All Defendants have been served.

4   **2.**    **Facts**

5           **A.**    *L.A. Taxi v. Uber*

6           **L.A. Taxi Plaintiffs**:  On March 18, 2015, the Original Complaint was filed against Uber.

7   On August 3, 2015, Plaintiffs filed the First Amended Complaint against Uber.  Plaintiffs are a

8   group of California companies that provide taxi services.  Plaintiffs allege that Uber issues false

9   and misleading advertisements regarding the safety of rides on Uber's "UberX"[2] platform and

10  disparaging the safety of taxi rides offered by taxi cab companies.  Plaintiffs contend that Uber's

11  advertising campaign causes financial harm to Plaintiffs in various ways.  For example, Plaintiffs

12  allege that potential customers of taxi services—who, due to Uber's misrepresentations,

13  mistakenly believe that they will receive a safer ride by hiring an UberX ride—spurn taxi cabs for

14  UberX rides, resulting in financial injury to Plaintiffs.

15          **Uber**: Uber Technologies, Inc. is a technology company that enables riders to request

16  transportation services from third-party transportation providers. Using Uber's technology

17  platform, riders can request transportation services from their smartphones via the Uber App, and

18  these requests are then transmitted to independent transportation providers in the area who are

19  available to receive transportation requests. Rasier-CA, LLC is a Transportation Network

20  Company that is licensed by the California Public Utilities Commission. Uber denies Plaintiffs'

21  allegations that the statements at issue are false and/or misleading. Uber also denies that these

22  statements caused lost revenue, reputational harm, or any other form of financial harm to

23  Plaintiffs.

24          **B.**    *Rosen v. Uber*

25

26

27

28          [2] As used by L.A. Taxi Plaintiffs, the term UberX includes "UberXL"—a model of Uber
        vehicles that can transport six or more passengers.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

- 3 -

1      **Rosen**: On August 24, 2015, the complaint in this action was filed.  On January 7, 2016,

2 the defendants filed a Motion to Dismiss and Motion to Strike Portions of Complaint, scheduled to

3 be heard on February 11, 2016.  Plaintiffs are a group of individuals who own taxi medallions

4 issued by the SFMTA.  Plaintiffs have alleged that Uber issues false and misleading

5 advertisements regarding the safety of rides on Uber's UberX Platform and disparaging the safety

6 of taxi rides offered by the medallion owners themselves when they are driving their taxi cabs or

7 when they are leased to third parties.  The conduct of Uber by Uber's misrepresentations,  causes

8 harm to the medallion holders such as inter alia, misleading the public to believe that they will

9 receive a safer ride by an UberX ride instead of taking a ride in the taxicabs for which the

10 plaintiffs have medallions.

11      **Uber**:  Rosen characterizes his Complaint as focusing on the same conduct that is at issue

12 in the *L.A. Taxi* matter.  However, Rosen's Complaint asserts additional causes of action for unfair

13 competition, and intentional and negligent interference with prospective economic advantage

14 based on alleged violation of CPUC orders and seeks relief that would hinder and interfere with

15 prior CPUC decisions and the CPUC's ongoing assertion of jurisdiction over Uber.  Rosen

16 attempts to re-plead in this Court claims already rejected by San Francisco Superior Court

17 Complex Litigation Judge Mary Wiss.  Rosen is a San Francisco taxi medallion owner who seeks

18 to sue Uber for alleged unfair competition and interference with prospective economic advantage.

19 Rosen alleges Uber operated without a permit from the San Francisco Municipal Transportation

20 Authority or CPUC, and that Uber violated a CPUC permit after it was issued.  In an apparent

21 attempt to forum-shop after Judge Wiss sustained Uber's demurrer to such claims, Plaintiff

22 dismissed his San Francisco Superior Court case, imported into his Complaint false advertising

23 allegations nearly verbatim from *L.A. Taxi*, and re-filed his case in this Court.  Uber denies it

24 engaged in any actionable conduct, and denies Plaintiff has suffered any loss, damage or injury

25 caused by any act or omission of Uber.

26 **3.**    **<u>Legal Issues</u>**

27      **A.**    *L.A. Taxi v. Uber*

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
6482644     - 4 -     COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

**L.A. Taxi Plaintiffs**:  Plaintiffs allege the following causes of action:

- The Lanham Act (15 U.S.C. § 1125(a))

- The California False Advertising Law (Cal. Bus. and Prof. Code, § 17500)

Plaintiffs believe that Uber's advertising campaign—which trumpets the safety of rides on the UberX platform, and disparages the safety of taxi rides offered by taxi cab companies—violates both the Lanham Act and the California False Advertising Law.  *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110-1111 (9th Cir. 2012) (affirming district court's grant of partial summary judgment to plaintiff in Lanham Act case alleging false advertising); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F.Supp.2d 1145, 1177 (C.D. Cal. 2010) (addressing a claim under the California False Advertising Law and stating that "the allegations about product safety are more than 'mere puffery' that Toyota's cars were superior to others. They constitute a campaign by Toyota in which it represented itself as prioritizing (even 'obsessing over') safety.").

**Uber:**  Uber denies that it violated the Lanham Act or the California False Advertising Law, and contends that Plaintiffs cannot meet the elements of their claims.  Among other things, the challenged safety statements (aside from being true) constitute classic puffery because they are general and aspirational, not "specific" and "measurable" as Ninth Circuit law requires. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). Several of the challenged statements also do not constitute commercial advertising.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003).

Uber reserves the right to assert any additional defenses that arise from the discovery process.

**B.**   ***Rosen v. Uber***

**Rosen**: Plaintiff's complaint alleges the following causes of action: 1) Violation of the Lanham Act (15 U.S.C. § 1125(a)); 2) False Advertising; B & P Code § 17500; 3) Unfair Business Practices Pursuant to B & P Code §§ 17200 *et seq.*; 4) Intentional Interference with Prospective Economic Relations; and 5) Negligent Interference with Prospective Economic Relations.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

- 5 -

Plaintiffs and Uber are cognizant of the Court's order of July 17, 2015 in the _L.A. Taxi v. Uber_ case, and specifically plaintiffs have read pages 15 and 16 of the Court's July 17, 2015 order, and are cognizant of the fact that there is a split of authority on the standing issue as the Court itself acknowledges.  As to the Lanham Act claim, plaintiffs believe that Uber's advertising campaign which includes the safety of rides on the UberX platform, disparages the safety of taxi rides offered by the taxicabs for which the plaintiffs have medallions and this, as with _L.A. Taxi v. Uber_, violates both the Lanham Act and the California False Advertising Law.

**Uber**:  Uber filed a motion to dismiss and a motion to strike portions of Rosen's Complaint on January 7, 2016.  While Rosen characterizes his Complaint as focusing on the same conduct that is at issue in _L.A. Taxi_, he has refused to eliminate allegations that Uber purportedly violated CPUC orders and decisions, and his requests for injunctive relief, damages and/or purported "restitution" that are unavailable to him – either because the Court lacks jurisdiction to grant his requested relief, or because the law does not entitle him to such relief.  Uber asserts that (a) all of Rosen's claims regarding Uber's licensing and compliance with CPUC orders and decisions are barred by Cal. Pub. Util. Code § 1759 (CPUC has exclusive jurisdiction over matters it regulates and court cannot hinder or interfere with that regulation) and Cal. Pub. Util. Code § 1756(a) (one can challenge PUC decision only in California Court of Appeal and Supreme Court); and (b) Rosen's false advertising claims must be stricken to the extent they go beyond those permitted by the court in _L.A. Taxi_.  More particularly, Rosen's second cause of action for false advertising under Cal. Bus. & Prof. Code § 17500 (False Advertising Law or "FAL") fails because Rosen (a) lacks standing under the FAL, (b) fails to state a claim under the FAL, and (c) is not entitled to his requested relief.  The third cause of action for unfair business practices under Cal. Bus. & Prof. Code § 17200 (Unfair Competition Law or "UCL") fails because (a) the Court lacks jurisdiction under Cal. Pub. Util. Code § 1759, (b) Rosen lacks standing under the UCL, (c) Rosen fails to state a claim under the UCL, and (d) Rosen is not entitled to his requested relief.  The fourth cause of action for intentional interference with prospective economic relations fails because (a) the Court lacks jurisdiction under Cal. Pub. Util. Code § 1759, and (b) Rosen fails to state a claim upon which relief can be granted. The fifth cause of action for negligent interference with

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 6 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1  prospective economic relations fails because (a) the Court lacks jurisdiction under Cal. Pub. Util.

2  Code § 1759, and (b) Rosen fails to state a claim upon which relief can be granted.

3  Uber also asserts that the Court should strike the portions of Rosen's Complaint that reflect

4  immaterial or impertinent matters in the Complaint because the allegations either (1) cannot be

5  adjudicated by this Court for lack of jurisdiction under Cal. Pub. Util. Code §§ 1759 and 1756(a),

6  or (2) are allegations that already have been found by this Court not to be actionable.  *See L.A.*

7  *Taxi,* July 7, 2015 Order Granting In Part And Denying In Part Motion To Dismiss (Docket No.

8  44).  Uber further denies that it violated the Lanham Act, or that it engaged in any of the unlawful

9  conduct alleged in Rosen's Complaint.  Uber reserves the right to assert any additional defenses

10  that arise from the discovery process.

11  **4.**  **Motions**

12  **A.**  *L.A. Taxi v. Uber*

13  • The Court granted Uber's administrative motion to relate this case to *Philliben v. Uber*,

14  N.D. Cal. Case No. 14-cv-05615-JST.  (*Philliben* Dkt. 36.)

15  • The Court granted in part and denied in part Uber's motion to dismiss. (Dkt. 44.)

16  • The Court denied the motion for leave to file a complaint-in-intervention filed by A

17  White and Yellow Cab, Inc. dba A Taxi Cab and 1-800-4 My Taxi. (Dkt. 54.)

18  • The Court entered the Parties' Stipulation and Protective Order on September 4, 2015.

19  (Dkt. 58)

20  • The Court denied the motion to determine whether to relate the case filed by the

21  plaintiff in *A White and Yellow Cab, Inc., a California corporation, dba A TAXI CAB,*

22  *dba 1-800-4 MY TAXI v. Uber Technologies, Inc. et al.*, N.D. Cal. Case No. 3:15-cv-

23  05163.  (Dkt. 70.)

24  Plaintiffs and Uber anticipate that they will file motions as appropriate, including, but not

25  limited to, discovery motions, motions for summary judgment or partial summary judgment, and

26  pretrial motions including motions *in limine*.

27  **B.**  *Rosen v. Uber*

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 7 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

- **Rosen:** On January 7, 2016, defendants filed a motion to dismiss and motion to strike portions of complaint, which is scheduled to be heard on February 11, 2016.

- **Uber:** Uber filed a motion to dismiss and motion to strike on January 7, 2016. The hearing is set for February 11, 2016. The motion to dismiss requests an order dismissing the second, third, fourth and fifth causes of action of Rosen's Complaint, and is made under Federal Rules of Civil Procedure, Rule 12(b)(1) on the ground that the Court lacks jurisdiction to adjudicate Rosen's claims due to the California Public Utilities Commission's exclusive jurisdiction of such matters under Cal. Pub. Util. Code §§ 1759 and 1756(a), and Rule 12(b)(6) on the ground that Rosen has failed to state a claim upon which relief can be granted. The motion to strike requests an order striking the redundant, immaterial or impertinent matter contained in the Complaint on the ground that the matters either (1) cannot be adjudicated by this Court for lack of jurisdiction under Cal. Pub. Util. Code §§ 1759 and 1756(a), or (2) are allegations that already have been found by this Court not to be actionable. *See L.A. Taxi,* July 7, 2015 Order Granting In Part And Denying In Part Motion To Dismiss (Docket No. 44).

## 5. <u>Amendment of Pleadings</u>

### A. *L.A. Taxi v. Uber*

The deadline to add parties or amend the pleadings was October 16, 2015. (Dkt. 49.) Plaintiffs reserve the right to seek leave to add parties or amend the pleadings as investigation and discovery develops. Defendants are evaluating additional defenses, additional parties, and claims against Plaintiffs or other entities that might be added as parties, and Defendants reserve the right to seek leave to amend their answer as discovery develops.

### B. *Rosen v. Uber*

**Rosen:** At this point, the Rosen plaintiffs anticipate filing an amended pleading, based on the Court's decision resulting from defendants' motion to dismiss/strike scheduled to be heard on February 11, 2016.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 8 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

**Uber:**  No scheduling order has been entered, and Uber agrees that the scheduling of an amendment of pleadings deadline be postponed until after the Court rules on Uber's pending motion to dismiss and motion to strike, currently set to be heard on February 11, 2016.

**6.      Evidence Preservation**

      **A.      *L.A. Taxi v. Uber***

      The parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding evidence preservation.

      **B.      *Rosen v. Uber***

      The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and will meet and confer regarding evidence preservation.

**7.      Disclosures**

      **A.      *L.A. Taxi v. Uber***

      The parties have exchanged their initial disclosures.  The parties identified various people with information relevant to claims/defenses, the parties described documents that they may use to support claims/defenses, and Plaintiffs provided information regarding the types of damages sought.  Defendants confirmed that they are not aware of an insurance agreement providing coverage for this dispute.

      **B.      *Rosen v. Uber***

      **Rosen:**  There have been no initial disclosures between the parties to date.

      **Uber:**  No scheduling order has been entered.  Uber respectfully requests that the scheduling for exchange of initial disclosures be postponed until after the Court rules on Uber's pending motion to dismiss and motion to strike, currently set to be heard on February 11, 2016.

**8.      Discovery**

      **A.      *L.A. Taxi v. Uber***

      The parties have served and responded to written discovery.  The parties are in the process of trying to work out a variety of discovery disputes.  If necessary, the parties will seek judicial

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 9 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1    intervention pursuant to Paragraph F of the Court's Standing Order.  No depositions have been

2    noticed yet.

3          The parties have agreed to the production format of ESI, and are evaluating whether a

4    further stipulated e-discovery order is appropriate for this case.  The parties agree that it is

5    appropriate to coordinate discovery with the related cases.

6          All forms of discovery provided for in the Federal Rules of Civil Procedure will be

7    allowed.  Regarding modifications to the discovery rules set forth in the Federal Rules of Civil

8    Procedure, the parties have entered into two agreements.

9          First, the parties have agreed that Rule 33(a) of the Federal Rules of Civil Procedure be

10   modified to allow Plaintiffs to collectively serve 35 interrogatories on Defendants, and Defendants

11   to collectively serve 35 interrogatories on Plaintiffs. Any interrogatory will count as a single

12   interrogatory, regardless of the number of parties to whom the interrogatory is directed and

13   regardless of the number of parties serving the interrogatory. Moreover, any interrogatory will be

14   deemed a single interrogatory even where the response to that interrogatory differs for each

15   propounding party, or where the interrogatory contains reasonable subparts, the responses to

16   which may only be of interest to certain of the propounding parties. The parties agree to meet and

17   confer in good faith in the future about an alternative arrangement if this approach does not prove

18   workable. The parties reserve all rights to seek judicial intervention if necessary.

19         Second, the parties have agreed that depositions of named parties under Federal Rule of

20   Civil Procedure 30(b)(6) do not count towards each side's 10-deposition-per-side limit under

21   Federal Rule of Civil Procedure Rule 30. The parties agree to meet and confer in good faith in the

22   future about an alternative arrangement if this approach does not prove workable. The parties

23   reserve all rights to seek judicial intervention if necessary.

24         **B.     *Rosen v. Uber***

25         **Rosen:**  No discovery has taken place to date.  Plaintiffs believe that economics and

26   judicial economy would be served by combining discovery and have the _L.A. Taxi v. Uber_ parties

27   produce to the Rosen Plaintiffs all discovery and responses thereto which have taken place to date,

28   subject to any protective orders that may have already been entered into.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 10 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

**Uber:** No scheduling order has been entered.  Uber respectfully requests that any orders regarding discovery be postponed until after the Court rules on Uber's pending motion to dismiss and motion to strike, currently set to be heard on February 11, 2016, and a scheduling order has been entered.

**9.**   <u>**Class Actions**</u>

   **A.**   ***L.A. Taxi v. Uber***

Not applicable.

   **B.**   ***Rosen v. Uber***

**Rosen:**  This is a putative class action consisting of those individuals who own taxicab medallions in the City and County of San Francisco.  The class consists of approximately 1,900 individuals and/or entities and is easily ascertainable.

   **Uber:**  Rosen purports to represent a class defined as "Holders of taxicab medallions issued by the SFMTA, and who have been operating as such at any time during the period from August 25, 2011 to date."  Uber maintains that the case as pled involves predominantly individual issues, and denies that there are common questions of law and fact to the class, that Rosen's claims are typical of the claims of the class he seeks to represent, that Rosen is an adequate class representative, and that a class action would be superior to other available methods for the fair adjudication of the claims in this action.

**10.**   <u>**Related Cases**</u>

   This Court has granted Uber's administrative motion to relate this case to *Philliben v. Uber*, N.D. Cal. Case No. 14-cv-05615-JST.  (*Philliben* Dkt. 36.)  *Mena v. Uber*, N.D. Cal. Case No. 3:15-cv-00064-JST, *Sabatino v. Uber*, N.D. Cal. Case No. 3:15-cv-00363-JST, and *Rosen v. Uber*, N.D. Cal. Case No. 15-cv-03866-JST have also been related to *Philliben v. Uber*. (*Philliben* Dkt. 23& Dkt. 59.)  The People of the State of California, plaintiff in *The People of the State of California v. Uber Technologies, Inc., et al.*, S.F. Superior Ct. Case No. CGC-14-543120, filed a Notice of Related Case Under California Rule of Court 3.300.  (*L.A. Taxi* Dkt. 56).  There is also a case pending in federal court in Texas, *Greater Houston Transportation Company, et al. v. Uber*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 11 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1   *Technologies, Inc.*, S.D. Tex. Case No. 14-cv-00941 that presents some issues that are related to

2   these cases.

3     The Court recently denied the motion to determine whether to relate the case filed by the

4   plaintiff in *A White and Yellow Cab, Inc., a California corporation, dba A TAXI CAB, dba 1-800-4*

5   *MY TAXI v. Uber Technologies, Inc. et al.*, N.D. Cal. Case No. 3:15-cv-05163.  *See L.A. Taxi* Dkt.

6   No. 70.

7   **11.**   <u>**Relief**</u>

8     **A.**   *L.A. Taxi v. Uber*

9    **L.A. Taxi Plaintiffs**:  Plaintiffs seek compensatory damages, treble damages, lost profits,

10   Uber's profits, injunctive relief, pre-judgment and post-judgment interest, costs, reasonable

11   attorneys' fees, and other or further relief as may be just and proper.  Plaintiffs are still

12   investigating and calculating their damages.

13     **Uber**:  Uber reserves the right to assert claims against Plaintiffs or other entities that might

14   be added as parties as discovery develops and may seek to recover attorneys' fees and costs

15   expended in the defense of this matter.  Uber contends that Plaintiffs' claims lack merit and

16   Plaintiffs are thus not entitled to any damages.

17     **B.**   *Rosen v. Uber*

18    **Rosen**: Like the *L.A. Taxi* Plaintiffs, the Rosen Plaintiffs seek compensatory damages,

19   treble damages, lost profits, Uber's profits, injunctive relief, pre-judgment and post-judgment

20   interest, costs, reasonable attorneys' fees, and other or further relief as may be just and proper.

21     **Uber**:  While Rosen characterizes his Complaint as requesting the same relief that has been

22   requested by the *L.A. Taxi* Plaintiffs, Rosen's Complaint also requests injunctive relief, damages

23   and/or purported "restitution" that are unavailable to him – either because the Court lacks

24   jurisdiction to grant his requested relief, or because the law does not entitle him to such relief.  By

25   way of example, Rosen requests that "the Court declare, adjudge and decree that UBER is in

26   violation of CPUC by utilizing Black cars as taxicabs in direct competition with taxicabs owned

27   by medallion owners such as Plaintiffs and members of the Plaintiff class" and injunctive relief

28   enjoining Uber from "[u]tilizing Black cars as taxicabs in direct competition with the Plaintiff

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

6482644

- 12 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

Class;" and "[u]tilizing any other unlicensed or unpermitted vehicles in direct competition with the Plaintiff Class."  (*Rosen* Complaint, Prayer, ¶¶ 6, 8.)  Uber contends that the Court lacks jurisdiction under Cal. Pub. Util. Code § 1759 to grant the relief requested by Rosen with regard to his claims for violation of the UCL, intentional and negligent interference with prospective economic relations.  As a matter of law, Plaintiff is not entitled to restitution, and Plaintiff does not plead facts stating a claim for injunctive relief.  Uber further contends that Rosen's claims lack merit and he thus is not entitled to any damages.

**12.    Settlement and ADR**

**A.    *L.A. Taxi v. Uber***

The parties have agreed to engage in private mediation.  (Dkt. 18.)  The parties have negotiated the selection of an appropriate mediator, and have agreed to use Hon. Dickran M. Tevrizian, Jr. (Ret.).  The parties will confer about scheduling this mediation.

**B.    *Rosen v. Uber***

**Rosen:**  The Rosen Plaintiffs have no objection to participating in private mediation, and would be willing to address that issue pending the results of defendants' motion to dismiss/strike, and when the pleadings have been set.

**Uber:**  Uber agrees to discuss mediation after the Court rules on Uber's pending motion to dismiss and motion to strike, currently set to be heard on February 11, 2016.

**13.    Consent to Magistrate Judge For All Purposes**

For both *L.A. Taxi* and *Rosen,* the parties do not all consent to have a magistrate judge conduct all further proceedings in these actions.

**14.    Other References**

At this time, the parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  Uber contends that, if similar claims continue to be asserted by other taxi plaintiffs in other venues, the case could later become suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

**A.    *L.A. Taxi v. Uber***

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 13 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1    The parties submit that it is premature to formulate any specific proposals at this time.

2    **B.    *Rosen v. Uber***

3    **Rosen:**  The Rosen Plaintiffs submit that it is premature to formulate any specific

4    proposals at this time.

5    **Uber:**  Uber's motion to dismiss seeks to narrow the issues by leaving only limited false

6    advertising claims under the Lanham Act, and eliminating the second cause of action under the

7    FAL, the third cause of action under the UCL, the fourth cause of action for intentional

8    interference with prospective economic relations, and the fifth cause of action for negligent

9    interference with prospective economic relations.  Uber's motion to strike seeks to narrow the first

10   cause of action under the Lanham Act by eliminating those allegations which this Court already

11   found to be non-actionable puffery or an improper request for restitution in its July 7, 2015 Order

12   Granting In Part And Denying In Part Motion To Dismiss in the *L.A. Taxi* action. (Docket No. 44).

13   **16.    Expedited Trial Procedure**

14   The parties do not believe that the Expedited Trial Procedure of General Order No. 64

15   should apply to this case.

16   **17.    Scheduling**

17   **A.    *L.A. Taxi v. Uber***

18   As of this date, the following schedule governs the remainder of the case:

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

| Event | Deadline |
|---|---|
| Fact discovery cut-off | August 10, 2016 |
| Designation and opening reports of experts | August 12, 2016 |
| Rebuttal expert designation and reports | September 23, 2016 |
| Expert discovery cut-off | October 14, 2016 |
| Mediation deadline | October 14, 2016 |
| Deadline to file dispositive motions | October 21, 2016 |
| Oppositions to dispositive motions | November 11, 2016 |
| Replies in support of dispositive motions | November 23, 2016 |
| Hearing of dispositive motions | December 8, 2016 |
| Pretrial conference statement due | January 6, 2017 |
| Pretrial conference | January 13, 2017 at 2:00 p.m. |
| Trial | February 6, 2017 at 8:30 a.m. |

## B.    *Rosen v. Uber*

**Rosen:**  The Deadlines/Hearings are to be set at the Initial Case Management Conference set for February 11, 2016.

**Uber:**   Uber contends that no Scheduling Order should be entered until after the Court rules on Uber's motion to dismiss and motion to strike, which are set to be heard on February 11, 2016.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 15 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

**18.** **Trial**

    **A.** *L.A. Taxi v. Uber*

    The Complaint and First Amended Complaint both request a trial by jury.  Plaintiffs estimate approximately three to four weeks for the jury trial.  Uber contends that, depending on the claims remaining at trial, the case may be tried to the Court.

    **B.** *Rosen v. Uber*

    **Rosen:**  The Rosen Plaintiffs requested a jury trial in their complaint.  The length of the trial will depend upon an estimate made when the issues are more fully developed.

    **Uber:**  Uber contends that the length of trial, and whether the case will be tried to the Court or to a jury, will be dependent on the scope of Rosen's remaining claims, if any, after the Court rules on Uber's pending motion to dismiss and motion to strike.

**19.** **Disclosure of Non-Party Interested Entities or Persons**

    The parties in *LA Taxi v. Uber* and *Rosen v. Uber* have filed Certificates of Interested Entities or Persons.   The Plaintiffs in *L.A. Taxi v. Uber* stated that, pursuant to Civil L.R. 3-15, as of the dates those documents were signed, other than the named parties, there were no such interests to report.  In *Rosen v. Uber,* Plaintiff stated that, other than the named parties, there were no such interests to report.  In both cases, Uber listed an interested entity.

**20.** **Professional Conduct**

    The attorneys in *L.A. Taxi v. Uber* and *Rosen v. Uber* have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Other Issue – Coordination of Discovery**

    As requested by the Court, the Parties have each set forth their positions regarding the extent to which these cases can or should be jointly managed.

    **The Position of Uber and the L.A. Taxi Plaintiffs:**  The parties believe that—in the spirit of fairness and efficiency—common issues across the cases should be jointly managed (1) for discovery against Uber, and (2) summary judgment and *Daubert* motions.  That way, for example, a critical Uber executive will need to be deposed only once.  Similarly, this Court will only need to analyze potential common summary judgment issues and potential common *Daubert* issues

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

6482644

- 16 -

1   only once.

2      The hearing date on Uber's motions to dismiss and to strike portions of the *Rosen*

3   complaint is set to be heard on February 11, 2016.  If the motion to dismiss is granted, Rosen's

4   remaining claims would be in most respects nearly the same as the L.A. Taxi Plaintiffs'

5   allegations.  Moreover, even if Uber's motion to dismiss in *Rosen* is not granted (in full or in part),

6   the overlap in *Rosen* and *L.A. Taxi* will still be substantial, as both cases assert Lanham Act and

7   state law false advertising claims over the same or similar allegedly false advertising.

8      The parties are cognizant, of course, that the *Rosen* case is not as procedurally advanced as

9   the *L.A. Taxi* case.  As such, Rosen will not necessarily be able to complete their discovery by the

10  cut-off dates governing the *L.A. Taxi* case—August 10, 2016 for non-expert discovery and

11  October 14, 2016 for expert discovery.  In addition, Rosen will not necessarily be ready to address

12  common legal issues at the time the parties in the *L.A. Taxi* case file their dispositive motions on

13  October 21, 2016.

14     As such, both Uber and the L.A. Taxi Plaintiffs are amenable to the Court pushing back all

15  case management dates in the *L.A. Taxi* case between two and three months.  The parties propose

16  that all related cases use these new discovery cut-off dates, as well as these new dispositive motion

17  filing deadlines.

18     **Rosen:** The Rosen Plaintiffs believe that as to the *L.A. Taxi v.  Uber* case, the case should

19  be jointly managed 1) for discovery against Uber; and 2) rulings on common legal issues.  That

20  way, for example, a critical Uber executive will need to be deposed only once.  Similarly, this

21  Court will only need to analyze a potential common summary judgment issue only once.

22     As the *L.A. Taxi* Plaintiffs point out, the *Rosen v. Uber* case is not as procedurally

23  advanced as the *L.A. Taxi v. Uber* case.  Therefore, the Rosen Plaintiffs will be unable to meet the

24  discovery cutoff of August 10, 2016.  The Rosen Plaintiffs would propose a schedule that would

25  mirror the *L.A. Taxi v.  Uber* case, subject to change depending on the outcome of the February

26  11, 2016 motion to dismiss/strike in the *Rosen v. Uber* case.  The Rosen Plaintiffs would suggest

27  using the Court's order of July 17, 2015, as a starting point with the motion in the *Rosen v. Uber*

28  case scheduled to be heard on February 11, 2016, or almost 7 months later, and that the Rosen

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 17 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1    Plaintiffs have for example the same time periods that the *L.A. Taxi* Plaintiffs have set forth in

2    Section 17, which would make the discovery cutoff on approximately March 1, 2017.

3    **22.**    **Other Issue in *L.A. Taxi* Case – Possible Conflict of Interest**

4         **Plaintiffs:** Plaintiffs' counsel has learned that defense counsel may have a conflict of

5    interest in representing Defendants based on defense counsel's prior representation of certain

6    Plaintiffs in this lawsuit.  Plaintiffs' counsel and defense counsel's law firm have exchanged

7    letters regarding this important issue.  If necessary, if resolution cannot be reached via meet and

8    confer, Plaintiffs will promptly seek judicial intervention.  Plaintiffs' counsel believes the issue

9    has been raised in a timely fashion.

10        **Uber:** Defendants' counsel has investigated and is not aware of any ethical conflict that

11   prevents counsel from representing the Defendants in this matter.  Defendants' counsel also asserts

12   that this issue should have been raised much earlier in the proceedings, and is now untimely under

13   applicable law.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 18 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

Dated:  January 15, 2016          By: /s/ Robert Ahdoot

ROBERT AHDOOT, SBN 172098
  rahdoot@ahdootwolfson.com
TINA WOLFSON, SBN 174806
  twolfson@ahdootwolfson.com
MEREDITH S. LIERZ, SBN 296650
  mlierz@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
1016 Palm Ave.
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

Attorneys for Plaintiffs,
Julian Mena, Todd Schreiber, Nate Coolidge, and
Ernesto Mejia


By: /s/ Alfredo Torrijos

MIKE ARIAS, SBN 115385
  mike@asstlawyers.com
ALFREDO TORRIJOS, SBN 222458
  alfredo@asstlawyers.com
**ARIAS, SANGUINETTI, STAHLE &
TORRIJOS, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-7504
Tel: 310-844-9696; Fax: 310-861-0168

STEVEN D. LIDDLE (admitted pro hac vice)
  sliddle@mldclassaction.com
NICHOLAS A. COULSON (admitted pro hac vice)
  ncoulson@mldclassaction.com
**LIDDLE & DUBIN, P.C.**
975 E. Jefferson Avenue
Detroit, Michigan 48207
Tel: 313-392-0015; Fax: 313-392-0025

Attorneys for Plaintiffs,
Matthew Philliben and Byron McKnight


By:  /s/ Benjamin E. Shiftan

BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 19 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1    Phone:  (415) 433 9000; Fax:  (415) 433 9008

2    Attorneys for LA Taxi Plaintiffs

3

4    By: /s/ Harold M. Jaffe
     HAROLD M. JAFFE (BAR NO. 57397)
5    **LAW OFFICES OF HAROLD M. JAFFE**
     3521 Grand Avenue
6    Oakland, CA 94610
     Phone: (510) 452-2610; Fax: (510) 452-9125
7    E-Mail: jaffe510@aol.com

8    BRIAN W. NEWCOMB (BAR NO. 55156)
9    **LAW OFFICES OF BRIAN W. NEWCOMB**
     770 Menlo Avenue, Suite 101
10   Menlo Park, CA 94025
     Phone: (650) 322-7780; Fax: (650) 322-7740
11   E-Mail: brianwnewcomb@gmail.com

12   Attorneys for Rosen

13

14   By: /s/ M. Todd Ratay
     MLG AUTOMOTIVE LAW, APLC
15   Jonathan A. Michaels, Esq. – State Bar No. 180455
16   Kathryn J. Harvey, Esq. – State Bar No. 241029
     Kianna C. Parviz, Esq. – State Bar No. 293568
17   M. Todd Ratay, Esq. – State Bar No. 241299
     2801 W. Coast Highway, Suite 370
18   Newport Beach, CA 92663
     Telephone: (949) 581-6900
19   Facsimile: (949) 581-6908
     (jmichaels@mlgautomotivelaw.com)
20   (kharvey@mlgautomotivelaw.com)
     (kparviz@mlgautomotivelaw.com)
21   (tratay@mlgautomotivelaw.com)

22   Attorneys for Plaintiff,
     Jacob Sabatino
23

24

25   By: /s/ A. Matthew Ashley
     Andra Barmash Greene (123931)
26   agreene@irell.com
     A. Matthew Ashley (198235)
27   mashley@irell.com
     **IRELL & MANELLA LLP**
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

- 20 -

840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile:  (949) 760-5200

Attorneys for Uber in *LA Taxi v. Uber*, *Philliben v. Uber*, *Mena v. Uber*, and *Sabatino v. Uber*

By: /s/ Marshall C. Wallace
      MARSHALL C. WALLACE (BAR NO. 127103)
      **ALLEN MATKINS LECK GAMBLE**
      **MALLORY & NATSIS LLP**
      Three Embarcadero Center, 12th Floor
      San Francisco, CA  94111-4074
      Phone:  (415) 837-1515
      Fax:  (415) 837-1516
      E-Mail:  mwallace@allenmatkins.com

Attorneys for Uber in *Rosen v. Uber*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 21 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ECF ATTESTATION

I, Nathaniel Lipanovich, am the ECF user whose ID and password are being used to file this COMBINED JOINT CASE MANAGEMENT STATEMENT.  I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated:  January 15, 2016                              By:  /s/ Nathaniel Lipanovich
                                                                            Nathaniel Lipanovich

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6482644

- 22 -

COMBINED JOINT CASE MANAGEMENT
STATEMENT (Case No. 3:14-cv-05615-JST)