GEORGE GASCÓN, SBN 182345
District Attorney of San Francisco
JUNE D. CRAVETT, SBN 105094
Assistant Chief District Attorney
EVAN H. ACKIRON, SBN 164628
Managing Assistant District Attorney
ERNST A. HALPERIN, SBN 175493
NANCY TUNG, SBN 203236
DANIEL C. AMADOR, SBN 247642
SEAN M. KILEY, SBN 282075
Assistant District Attorneys
White Collar Crime Division
732 Brannan Street
San Francisco, California 94103
Telephone: (415) 551-9545

JACKIE LACEY, SBN 110808
District Attorney of the County of Los Angeles
HOON CHUN, SBN 132516
Assistant Head Deputy District Attorney
211 W. Temple Street, Suite 1000
Los Angeles, CA 90012

*Specially Appearing on Behalf of Amici Curiae,
George Gascón, San Francisco District Attorney and
Jackie Lacey, Los Angeles District Attorney,*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PHILLIBEN, *et al.*, *individually and on behalf of all others similarly situated*, | Case No. 3:14-cv-05615-JST |
| Plaintiffs, | **ADMINISTRATIVE MOTION OF THE DISTRICT ATTORNEYS FOR THE CITY AND COUNTY OF SAN FRANCISCO AND THE COUNTY OF LOS ANGELES FOR LEAVE TO FILE AN AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| vs. | |
| UBER TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | **(CIVIL LOCAL RULE 7-11)** |
| | [Re: ECF Nos. 75, 80] |

1

**INTRODUCTION**

2      The District Attorneys for the City and County of San Francisco and the County of Los

3  Angeles make this special appearance to respectfully move, pursuant to Civil Local Rule 7-11, for

4  leave to file an amicus brief in opposition to Plaintiffs' administrative motion to file under seal in

5  this action. (*See* Administrative Motion to File under Seal, ECF No. 75.[1]) In this consolidated class

6  action against Uber—which is based on allegations and legal theories that are largely copied from

7  the District Attorneys' original complaint in the earlier-filed civil law enforcement action entitled

8  *People v. Uber Technologies, Inc., et al.* (Super. Ct. S.F. County, No. CGC-14-543120)—Plaintiffs

9  and Uber ask the Court to approve a settlement that includes injunctive relief and restitution on

10  behalf of a nationwide class, California citizens among them. Plaintiffs and Uber, however, seek to

11  seal important information bearing upon the fairness, adequacy, and reasonableness of the amount

12  of restitution to which they have agreed. In light of the potential ramifications to the law

13  enforcement action and the Ninth Circuit's decision in *California v. IntelliGender, LLC*, 771 F.3d

14  1169 (9th Cir. 2014), the District Attorneys need to see this important information to determine

15  whether the proposed settlement adequately protects and compensates California citizens. The

16  District Attorneys therefore oppose the sealing of this information.[2]

17

**ARGUMENT**

18  **I.     STANDARD FOR A MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

19      District courts have discretion to permit third parties to participate in an action as amici

20  curiae. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist.

21  LEXIS 4467, at *7-8 (N.D. Cal. Jan. 9, 2007). Such discretion is generally exercised liberally, as

22  there are no strict prerequisites that must be established to qualify for amicus status. *Id*. District

23  courts frequently accept amicus briefs from non-parties "concerning legal issues that have potential

24  ramifications beyond the parties directly involved." *Sonoma Falls Devs., LLC v. Nev. Gold &*

25

26

27

---

[1] Record citations are to the electronic case file ("ECF"); pin cites are to the ECF-generated numbers at the tops of documents.
[2] The parties could not reach a stipulation regarding the filing of an amicus brief by the District Attorneys. Along with this motion, the District Attorneys have filed the Declaration of Evan Ackiron, a proposed order, and a copy of the proposed amicus brief.

1    *Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); *see Ryan v. Commodity Futures Trading*

2    *Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An amicus brief should normally be allowed when

3    a party is not represented competently or is not represented at all, when the amicus has an interest

4    in some other case that may be affected by the decision in the present case (though not enough

5    affected to entitle the amicus to intervene and become a party in the present case), or when the

6    amicus has unique information or perspective that can help the court beyond the help that the

7    lawyers for the parties are able to provide.").

8    **II.      THE DISTRICT ATTORNEYS' INTEREST**

9            On December 9, 2014, the District Attorneys commenced *People v. Uber Technologies,*

10   *Inc., et al.* (Super. Ct. S.F. County, No. CGC-14-543120) in San Francisco Superior Court as a

11   civil law enforcement action on behalf of the People of the State of California against Uber. The

12   People are suing Uber over five unlawful business practices, two of which are Uber's practice of

13   misrepresenting the nature and character of the background checks and measures it takes to ensure

14   customer safety, and Uber's misrepresentations regarding its "Safe Rides Fee." The People seek

15   restitution, civil penalties, and injunctive relief. The law enforcement action is ongoing.

16           On December 23, 2014, two weeks after the People filed the law enforcement action, two

17   of the Plaintiffs in this now-consolidated action filed a putative class action complaint in this Court

18   that also brings claims against Uber arising out of Uber's untrue or misleading representations

19   regarding rider safety and its fraudulent and misleading "Safe Rides Fee." *See Philliben, et al. v.*

20   *Uber Technologies, Inc., et al.*, No. 3:14-cv-05615-JST (N.D. Cal.). The original *Philliben*

21   complaint alleged the same safety misrepresentations by Uber that are alleged in the law

22   enforcement action and the same theories about why those safety misrepresentations and the Safe

23   Rides Fee are misleading. On January 6, 2015, the other four Plaintiffs filed a putative class action

24   complaint in this Court that brings claims against Uber for the same conduct. *See Mena, et al. v.*

25   *Uber Technologies, Inc., et al.*, No. 3:15-cv-00064-JST (N.D. Cal.).

26           The *Philliben* and *Mena* class actions were consolidated, and now Uber and all six

27   Plaintiffs have agreed to settle their disputes. (*See* Consolidated Complaint, ECF No. 67;

Stipulation of Settlement, ECF No. 74.) On February 11, 2016, Plaintiffs filed an administrative motion for leave to file under seal portions of (1) their motion for preliminary approval of the proposed class action settlement, and (2) the Declaration of Robert Adhoot, which Plaintiffs filed in support of the motion for preliminary approval. (*See* Administrative Motion to File under Seal, ECF No. 75; Redacted Motion for Preliminary Approval, ECF No. 75-3; Redacted Adhoot Decl., ECF No. 75-5.) According to the unredacted portions of those documents, Uber will pay $28,500,000 to approximately 25,000,000 U.S. riders.[3] (Redacted Motion for Preliminary Approval, ECF No. 75-3 at 15; Redacted Adhoot Decl., ECF No. 75-5, ¶ 68.) After settlement administrator fees, transaction costs, service awards, and attorneys' fees and costs are taken out, Plaintiffs estimate that each U.S. rider will receive approximately 82 cents in restitution. (Redacted Motion for Preliminary Approval, ECF No. 75-3 at 15-17; Redacted Adhoot Decl., ECF No. 75-5, ¶¶ 67-68.)

Other important information regarding the restitution, which is critical to an evaluation of the proposed settlement, is redacted. Plaintiffs seek to file it under seal because Uber designated it as confidential pursuant to the parties' protective orders. (Administrative Motion to File under Seal, ECF No. 75.) Uber says this information (the "Redacted Information") is sealable as trade secrets. (Uber's Statement, ECF No. 80 at 2, 4-5.)

Because the People's law enforcement action could be affected by the proposed settlement, the District Attorneys ask the Court to allow them to file an amicus brief in opposition to Plaintiffs' administrative motion to file under seal. Through this brief, the District Attorneys wish to provide the Court with "considerations germane to [its] decision of [the Plaintiffs' administrative motion to file under seal] that the parties for one reason or another have not brought to [the Court's] attention." *Ryan*, 125 F.3d at 1064.

The amicus brief addresses two topics: (1) Uber's prior disclosure of the kind of

---

[3] The class that Plaintiffs seek to certify includes "[a]ll persons who, from January 1, 2013 to January 31, 2016, used the Uber smartphone application ('App') or website to obtain service from one of Uber's Rideshare Services in the United States or its territories and who have a U.S. Payroll Profile." (Redacted Motion for Preliminary Approval, ECF No. 75-3 at 15.)

information it seeks to seal in this action; and (2) the District Attorney's special need to see the unredacted settlement documents. On the first topic, the District Attorneys argue that the Redacted Information is not confidential because Uber recently disclosed detailed rider, ride, and revenue data in *Tadepalli v. Uber Technologies, Inc.*, No. 3:15-cv-04348-MEJ (N.D. Cal.). On the second topic, the District Attorneys explain that, because of the redactions, it is not possible for them to determine whether the proposed settlement is fair, adequate, and reasonable, *see* Fed. R. Civ. P. 23(e)(2), and whether (or to what degree) it protects and compensates California citizens. The District Attorneys must be able to do this in light of the Ninth Circuit's decision in *California v. IntelliGender, LLC*, wherein the Court held that principles of res judicata barred a City Attorney from seeking restitution on behalf of California citizens in a law enforcement action filed after the district court approved a private class-action settlement that included restitution for the class members. 771 F.3d 1169, 1179-82 (9th Cir. 2014). To make these determinations, the District Attorneys need access to the unredacted settlement documents.

### CONCLUSION

Plaintiffs and Uber's proposed settlement in this action could affect the People's law enforcement action. Accordingly, the District Attorneys respectfully ask the Court to grant their administrative motion for leave to file the accompanying amicus brief.

DATED: February 24, 2016

GEORGE GASCÓN
District Attorney, City and County of San Francisco

BY:  /s/ Daniel C. Amador
Daniel C. Amador
Assistant District Attorney

JACKIE LACEY
District Attorney, Los Angeles County

BY:  /s/ Hoon Chun
Hoon Chun
Assistant Head Deputy District Attorney

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## ECF ATTESTATION

I, Ernst A. Halperin, am the ECF user whose ECF ID and password are bring used to file the ADMINISTRATIVE MOTION OF THE DISTRICT ATTORNEYS FOR THE CITY AND COUNTY OF SAN FRANCISCO AND THE COUNTY OF LOS ANGELES FOR LEAVE TO FILE AN AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL. I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.


DATED: February 24, 2016


                              BY:  /s/ Ernst A. Halperin
                                   Ernst A. Halperin
                                   Assistant District Attorney