IRELL & MANELLA LLP
Andra Barmash Greene (123931)
agreene@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:   (949) 760-5200

Attorneys for Defendants
Uber Technologies, Inc. and Rasier, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW PHILLIBEN, JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE, ERNESTO MEJIA, and BYRON MCKNIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; and RASIER, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 3:14-cv-05615-JST<br><br>**DEFENDANTS' RESPONSE TO THE DISTRICT ATTORNEYS OF THE CITY AND COUNTY OF SAN FRANCISCO AND THE COUNTY OF LOS ANGELES'S ADMINISTRATIVE MOTION TO FILE AN AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DEFENDANTS RESPONSE TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICUS BRIEF (Case No. 3:14-cv-05615-JST)

Defendants Uber Technologies Inc. and Raiser, LLC (collectively, "Uber") respectfully submit this response to the District Attorneys for the City and County of San Francisco and the County of Los Angeles's (collectively, "the District Attorneys") Administrative Motion for Leave to File an Amicus Brief (the "motion").

The District Attorneys contend that their motion was necessary because they "need to see . . . important information" that Plaintiffs and Uber have sought to file under seal (Dkt. No. 75). Mot. at 2. Uber is surprised by this assertion because the parties were in the process of meeting and conferring to address this very request, which the District Attorneys first made to Uber only three days ago. During a February 22, 2016 conference call, the District Attorneys requested access to information that Uber had designated as confidential in the settlement filings. Declaration of Andra B. Greene ("Greene Decl.") ¶ 3. In response, Uber stressed the highly sensitive nature of this trade secret information and requested that the District Attorneys' agree to be bound by this Court's Protective Order in this action (Dkt. No. 52). The District Attorneys stated that they would agree to abide by this Court's Protective Order. *Id.* ¶ 4. Uber then asked the District Attorneys to identify the redacted information they wished to see, and the District Attorneys agreed to provide Uber with a list of requested information. *Id.*

Instead of doing so, however, the District Attorneys suddenly reversed course the next day. They called Uber's counsel and stated that they intended to file an opposition to the motion to seal. *Id.* ¶ 5. They also informed Uber that they were no longer willing to comply with this Court's Protective Order, but instead would seek to treat all redacted information as available to the public. *Id.* Before Uber could respond to the District Attorneys' new position, the District Attorneys' filed this motion. *Id.* ¶¶ 5-6.

Notwithstanding the District Attorneys' about-face on the issue of compliance with this Court's Protective Order and unilateral abandonment of the meet and confer process, Uber does not oppose the District Attorneys' motion for leave to file an opposition to the administrative motion to file under seal. Uber does, however request the opportunity to respond to the District Attorneys' proposed amicus brief (Dkt. No. 81-2) on the merits, as the District Attorneys' arguments are deeply flawed.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DEFENDANTS RESPONSE TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICUS BRIEF (Case
No. 3:14-cv-05615-JST)

- 1 -

1   For instance, the District Attorneys contend that the information that Uber seeks to have
2 sealed is not confidential because it was disclosed pursuant to settlement of an entirely separate
3 matter, *Tadepalli v. Uber Technologies, Inc.,* No. 3:15-cv-04348-MEJ (N.D. Cal.). Mot. at 5.
4 This is false. The *Tadepalli* settlement did not involve any of the redacted information in
5 connection with the settlement motion in this case (which is why the information in *Tadepalli* was
6 not redacted). *Tadepalli* involved extremely limited revenue (and no cost) information regarding
7 fees associated with just three California airports, information that is already provided by Uber to
8 the airports and to the California Public Utilities Commission. *See* Declaration of Evan Ackiron
9 (Dkt. No 81-1), Ex. A ¶ 3. In contrast, all of the redacted information in connection with the
10 settlement motion in this case is highly confidential, non-public information, which covers a wide
11 array of cost and revenue information that encompasses all Uber products in the United States
12 over a significant time period. *See* Defendants' Statement in Support of Plaintiff's Administrative
13 Motion to File Under Seal (Dkt. No. 80) at 3-5. It is therefore undeniably trade secret protected,
14 and this Court has held that such information is properly submitted under seal in the context of a
15 preliminary approval motion. *See Keirsey v. eBay, Inc.*, No. 12-cv-01200-JST, 2013 U.S. Dist.
16 LEXIS 147573, at *7 (N.D. Cal. Oct. 11, 2013) (Tigar, J.) (granting a motion to seal company data
17 regarding revenue and consumer usage statistics).

18   Uber also notes that the District Attorneys' proposed amicus brief, at 10 pages, is double
19 the limit provided by the Local Rules. *See* L.R. 7-11(b) ("Any opposition to or support for a
20 Motion for Administrative Relief [including motions to file under seal] may not exceed 5 pages.").
21 It was also filed over a week after the four-day deadline to oppose Plaintiffs' Administrative
22 Motion to File Under Seal (Dkt. No. 75).[1] *Id.* The District Attorneys' disregard for this Court's
23 Local Rules (and a proper meet and confer process) should not give them an unfair advantage.
24 Consequently, Uber respectfully requests that it be afforded the opportunity to provide a full and
25 adequate response to the District Attorneys' proposed amicus brief.

---

[1] Plaintiffs' administrative motion was filed on February 11, 2016. Any opposition was thus due on February 16, 2016 given the President's Day holliday. L.R. 7-11(b). However, the District Attorneys did not even reach out to Uber to start the meet and confer process until February 17, 2016 – one day after the deadline. Greene Decl. ¶ 2.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DEFENDANTS RESPONSE TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICUS BRIEF (Case
No. 3:14-cv-05615-JST)

- 2 -

Dated: February 25, 2016                                        IRELL & MANELLA LLP

                                                                By: /s/ A. Matthew Ashley
                                                                A. Matthew Ashley
                                                                Attorneys for Defendants
                                                                Uber Technologies, Inc. and Rasier, LLC

**ECF ATTESTATION**

I, Michael D. Harbour, am the ECF user whose ID and password are being used to file DEFENDANTS' RESPONSE TO THE DISTRICT ATTORNEYS OF THE CITY AND COUNTY OF SAN FRANCISCO AND THE COUNTY OF LOS ANGELES'S ADMINISTRATIVE MOTION TO FILE AN AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL.  I hereby attest that I received authorization to insert the signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: February 25, 2016

                                                                By: /s/ Michael D. Harbour
                                                                Michael D. Harbour

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DEFENDANTS RESPONSE TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICUS BRIEF (Case
No. 3:14-cv-05615-JST)

- 3 -