1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   MATTHEW PHILLIBEN, et al.,                Case No.  14-cv-05615-JST

Plaintiffs,

8

v.                                 **ORDER GRANTING IN PART AND**
                                         **DENYING IN PART MOTION TO FILE**
9
                                         **UNDER SEAL**
10   UBER TECHNOLOGIES, INC., et al.,

Defendants.                          Re: ECF No. 75

11

12          Before the Court is Plaintiff's Motion to File Under Seal, requesting that the Court seal

13   portions of their Motion for Preliminary Approval of Class Action Settlement ("Motion for

14   Preliminary Approval") and a Declaration of Robert Ahdoot in Support of the Motion ("Ahdoot

15   Declaration").  ECF No. 75.  For the reasons stated below, the motion is granted in part and denied

16   in part.

17   **I.      BACKGROUND**

18          **A.      Factual and Procedural History**

19          This case arises from two putative class actions against Defendants Uber Technologies,

20   Inc., and Raiser, LLC ("Uber") revolving around Uber's alleged misrepresentations and omissions

21   regarding its "Safe Rides Fee" and the safety measures, background checks, and other efforts they

22   take to provide safety for their consumers.  See Consolidated Class Action Complaint, ECF No.

23   67, see also ECF No. 74 at 4.  Motions to Stay Proceedings Pending Arbitration were filed in both

24   original actions (this one, as well as Mena v. Uber, 3:15-cv-00064-JST), but both motions were

25   later vacated after the parties informed the Court of a settlement reached in principle.  ECF No. 64.

26   On January 4, 2016, in light of the reached settlement, the Court granted a stipulated request to

27   consolidate the Philliben and Mena matters, ECF No. 66, and the parties filed a Consolidated

28   Class Action Complaint, ECF No. 67, three days later.  The consolidated complaint brings eight

<div style="writing-mode: vertical">United States District Court<br>Northern District of California</div>

causes of action: (1) Breach of Implied Contract under California law; (2) Breach of Implied Contract under Illinois law; (3) Breach of Implied Contract under Massachusetts law; (4) Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (5) Unlawful Business Practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.; (6) Unfair Business Practices in violation of section 17200, et seq.; (7) Violation of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/2, et seq.; and (8) False Advertising in violation of Cal. Bus & Prof. Code § 17500, et seq.

On February 11, 2016, Plaintiffs filed a Motion to File Under Seal, requesting to file their Motion for Preliminary Approval and the Ahdoot Declaration in support with portions of both documents redacted. ECF No. 75. On February 24, 2016, the People of the State of California, represented by the San Francisco District Attorney and the Los Angeles District Attorney, requested leave to file an amicus brief in opposition to the Motion to Seal. ECF No. 81. The Court granted the request. ECF No. 83. The amicus brief was filed on February 26, 2016, ECF No. 84, and Uber, with leave of the Court, filed a response on March 3, ECF No. 85. On April 7, 2016, the People of the State of California withdrew their amicus brief in opposition, in light of an agreement reached with Uber. ECF No. 90. The Court therefore does not address the arguments raised in the amicus brief.

### B.    Legal Standard

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79–5; and (2) rebut "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79–5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79–5(d). "Reference to a stipulation or protective order that

1    allows a party to designate certain documents as confidential is not sufficient to establish that a

2    document, or portions thereof, are sealable." Civil L.R. 79–5(d)(1)(A).

3        With respect to the second prong, the showing required for overcoming the strong

4    presumption of access depends on the type of motion to which the document is attached. When a

5    party seeks to file materials in connection with a dispositive motion, the presumption can be

6    overcome only if the party presents "compelling reasons supported by specific factual findings

7    that outweigh the general history of access and the public policies favoring disclosure."

8    Kamakana, 447 F.3d 1172 at 1178–79 (internal citation omitted). "The mere fact that the

9    production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

10   litigation will not, without more, compel the court to seal its records." Id. at 1179.

11       A district court must "articulate [the] . . . reasoning or findings underlying its decision to

12   seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S.Ct.

13   2374 (U.S. 2012).

14   **II.    DISCUSSION**

15       Because the materials at issue in this motion are related to preliminary approval of

16   settlement, the "compelling reasons" standard applies.  Kiersey v. eBay, Inc, No. 12-CV-01200-

17   JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's

18   preliminary approval of the settlement of the case may be effectively dispositive.").

19       "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and

20   justify sealing court records exist when such 'court files might have become a vehicle for

21   improper purposes,' such as the use of records to gratify private spite, promote public scandal,

22   circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting

23   Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Nixon court also noted that the

24   "common-law right of inspection has bowed before the power of a court to insure that its records"

25   are not used as "sources of business information that might harm a litigant's competitive standing."

26   435 U.S. at 598.

27       The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as

28   "any formula, pattern, device or compilation of information which is used in one's business, and

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    which gives him an opportunity to obtain an advantage over competitors who do not know or use

2    it." In re Elec. Arts, Inc., 298 Fed. Appx. 568, 569 (9th Cir.2008) (quoting Restatement of Torts §

3    757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district

4    court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298

5    Fed.Appx. at 569. The Federal Circuit has similarly concluded that under Ninth Circuit law,

6    detailed product-specific financial information, customer information, and internal reports are

7    appropriately sealable under the "compelling reasons" standard where that information could be

8    used to the company's competitive disadvantage. Apple Inc. v. Samsung Elecs. Co., 727 F.3d

9    1214, 1226, 1228 (Fed.Cir.2013).

10        Plaintiffs have moved to seal portions of their motion for preliminary approval and a

11    declaration by Robert Ahdoot filed in support of the motion.[1]  ECF No. 75 at 1-2.  In its

12    declaration in support of the motion to seal, Uber states that the parties seek to seal material

13    related to "sensitive internal financial and customer data and trade secrets regarding the Safe Rides

14    Fee and safety expenditures at issue in this litigation."  ECF No. 80 at 4.  They contend that the

15    portions identified in the motion and declaration discuss:

16        (1) the number of Uber riders who have used a service containing a Safe Rides Fee
17        (and thus the percentage of revenues that Uber generates from services that charge
     a Safe Rides Fee); (2) information about the frequency with which Uber riders use
18        the Uber App and website and receive Uber emails, including the number of repeat
     riders and the number of recent riders (thus showing Uber's rider growth rate); (3)
19        revenue information, including the total revenue Uber earned from the Safe Rides
     Fee, the amount collected since the Safe Rides Fee was made variable, and the
20        average amount of the Safe Rides Fee over certain periods of time; and (4)
21        information related to Uber's safety-related expenditures, including how these

22

23   _____

24   [1] The specific portions are identified as: portions of the Motion for Preliminary Approval at page 7
     at lines 2, 4; page 16 at line 7; and page 23 at lines 9, 12; and portions of the Ahdoot Declaration
     at paragraph 32, line 18; paragraph 33, line 19; paragraph 34, line 22;
25   paragraph 35, line 24; paragraph 37, lines 1-2; paragraph 38, lines 5-7; paragraph 40,
     line 13; paragraph 41, lines 15-16, 19; paragraph 44, line 10; paragraph 46, lines 20-
26   23; paragraph 47, lines 5, 9-13; paragraph 48, lines 22-24, 27-28; paragraph 49, line
     5; paragraph 50, lines 10-11; paragraph 51, line 17; paragraph 52, lines 21-25;
27   paragraph 59, lines 23-25; paragraph 67, line 24; paragraph 70, line 13; paragraph 71,
     lines 5-6; paragraph 72, line 8; paragraph 73, lines 10-11; paragraph 74, line 26;
28   paragraph 75, lines 28, 13-18; paragraph 76, lines 25-27, 3, 5; paragraph 77, lines 10-
     12; and paragraph 78, lines 14, 16.  ECF No. 75 at 1-2.

United States District Court
Northern District of California

1  expenditures are allocated and specific data points for Uber's expenditures on
insurance. Id.

As the motion and Uber's declaration both note, most of the material sought to be sealed
involves information directly related to Uber's consumer base, its revenue and fee calculations,
and its expenditures for safety-related measures.  For the majority of this information, the Court
agrees that this consists of "product-specific" financial and customer information that is valuable
to Uber's business and could be used by Uber's competitors to Uber's disadvantage.   Such
information meets the "compelling reasons" standard.

However, the Motion to Seal also requests to redact information that is essential to the
Court's determination of whether the putative class is appropriately defined and whether
settlement is fair and reasonable.  Indeed, "judges have the *responsibility* of ensuring fairness to
all members of the class presented for certification," and "must carefully consider whether a
proposed settlement is fundamentally fair, adequate, and reasonable."  Staton v. Boeing Co., 327
F.3d 938, 953 (9th Cir. 2003) (emphasis added) (citation omitted).  In turn, the Court cannot
ignore "the interest of citizens in 'keep[ing] a watchful eye on the workings'" of the Court and
whether it is fulfilling its responsibility under Federal Rule of Civil Procedure 23.  Kamakana, 447
F.3d at 1178 (quoting Nixon, 435 U.S. at 598).

More specifically, the motion requests to seal information regarding (i) the average amount
of the first Safe Rides Fee paid by the putative class members; (ii) Uber's total amount of revenue
from Safe Rides Fees generally as well as the total revenue from the first Safe Rides Fee paid by
putative class members; (iii) the Plaintiffs' stated estimate of their maximum potential recovery if
the case were litigated and they were successful on all of their claims; and (iv) the percentage
comparison between this estimate and the proposed settlement payment.  The first two pieces of
information are necessary, of course, to the Court's comparison of Plaintiffs' total potential
recovery, the strength of Plaintiffs' claims, and the proposed settlement amount.  See Staton, 327
F.3d at 959 (identifying these among other relevant considerations when approving a settlement).
The latter two pieces of information are also relevant to this consideration, and moreover are based
on Plaintiffs' own evaluation of the case, not exclusively on the company data provided by Uber.

Accordingly, the motion to seal is granted, but with the exception of those portions of the

5

United States District Court
Northern District of California

1   Motion for Preliminary Approval and the Ahdoot Declaration that reference the four pieces of

2   information described above.  Based on this conclusion, and upon review of the redacted and

3   unredacted versions submitted by the parties, the Court finds that none of the specified portions of

4   the motion may be sealed.  The following portions of the Ahdoot Declaration may not be sealed:

5   paragraph 41, lines 15, 16, and 19; paragraph 67, line 24; paragraph 70, line 13; paragraph 72, line

6   8; paragraph 74, first redaction on line 26; paragraph 76, lines 26-27; and paragraph 78, lines 14

7   and 16.  All other portions of the declaration may be sealed.

8                                                    **CONCLUSION**

9            For the foregoing reasons, the Motion to Seal is granted in part and denied in part.

10  Pursuant to Civil Local Rule 79-5(f)(3), the parties may file a new version of the Motion for

11  Preliminary Approval and the Ahdoot Declaration  that comports with this order in not less than

12  fourteen days.  The Court further concludes that a revised Motion for Preliminary Approval will

13  be suitable for disposition without oral argument, pursuant to Federal Rule of Civil Procedure

14  78(b) and Civil Local Rule 7-1(b).  Accordingly, no hearing on the revised Motion for Preliminary

15  Approval will be scheduled.

16           IT IS SO ORDERED.

17  Dated: April 15, 2016

18                                                    _____
                                                          JON S. TIGAR
19                                                    United States District Judge

20

21

22

23

24

25

26

27

28