UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PHILLIBEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-05615-JST<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 98 |

　　　　Concurrently with this order, the Court has issued a redacted version of its Order Denying Motion for Preliminary Approval of Class Action Settlement.  That order includes an analysis of Plaintiffs' total potential recovery, as measured by the total revenue Uber has earned from its challenged Safe Rides Fee (the "total revenue figure").  The Court previously allowed this information to be sealed in relation to a different document.  ECF No. 94.  Accordingly, the Court has redacted that figure and any references to it in its most recent order.

　　　　The total revenue figure occupies an important place in the Court's order.  In a class action settlement, "judges have the *responsibility* of ensuring fairness to all members of the class presented for certification," and "must carefully consider whether a proposed settlement is fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 953 (9th Cir. 2003) (emphasis added) (citation omitted).  Perhaps the most important factor in determining whether the proposed settlement falls within the range of reasonableness "is 'plaintiffs' expected recovery balanced against the value of the settlement offer.'" Cotter v. Lyft, Inc., No. 13-CV-04065-VC, 2016 WL 1394236, at *4 (N.D. Cal. Apr. 7, 2016) (quoting In re High-Tech Employee Antitrust Litig., No. 11-CV-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).  The total revenue earned by a defendant from a challenged practice is the most obvious, and often the

1   only sensible, measurement of plaintiffs' best-case total expected recovery.

2   Courts "start with a strong presumption in favor of access to court records." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." <u>Id.</u> (citation omitted). For the public at large to understand the Court's order, and for other litigants to determine its persuasive value, they must understand the Court's reasoning. That is possible only if they also know the essential facts on which the Court based its ruling. Now that the Court has issued its order, the public's right to know the total revenue figure is higher than it was when the Court sealed that information.

Moreover, Uber has committed, as part of the settlement, to cease charging a Safe Rides Fee to its customers, ECF No. 95 at 11, and therefore its interest in keeping confidential its revenues from that fee has become more attenuated. Though the Court acknowledges the arguments made by Uber in its Motion for Partial Modification, ECF No. 93, it now concludes that this attenuated interest is substantially outweighed by the public's right to access.

Accordingly, the parties are hereby ORDERED TO SHOW CAUSE why the total revenue figure contained in the redacted version of this Court's Order Denying Motion for Preliminary Approval of Class Action Settlement should not be unsealed. Any responses to this order shall be filed within five court days of its issuance, at which time the Court will take the issue under submission. If no response is filed, the Court will issue an unredacted copy of its order.

IT IS SO ORDERED.

Dated: August 30, 2016

_____
JON S. TIGAR
United States District Judge