UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKNIGHT, et al.,                    ) | |
|              Plaintiff,              ) | |
| v.                                   ) | Case No. 3:14-cv-05615-JST |
|                                      ) | |
| UBER TECHNOLOGIES, INC., et al.,     ) | |
|              Defendants.             ) | |
|                                      ) | |

## OBJECTION TO REQUEST FOR ATTORNEYS' FEES

Class member Robert Hudson, 8423 Thunderhead Drive, Boulder, CO 80302, hereby objects to the request for attorney's fees. Mr. Hudson received emailed notice of the settlement, and his Class Member Identification Number is CED89BBB9F36423.

**I.     Attorneys' Fees Should Be Less Than this Circuit's 25% Benchmark.**

The Ninth Circuit adheres to a benchmark percentage fee award in common fund cases of 25%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). The benchmark may be adjusted upward or downward, based on specific factors. *Id.* at 1257. Among the factors militating in favor of a downward adjustment of the benchmark are low risk and the amount of Class Counsel's lodestar. The requested fee of 25% of $32.5 million, or $8.125 million, represents a multiplier of 4.28 based on Class Counsel's claimed lodestar of $1,896,480, calculated at an exorbitant average hourly rate of $669. Such a high multiplier is unjustified by the low risk and short duration of this case. When the lodestar is calculated based upon a more reasonable average hourly rate for the tasks performed in this case – for example, $500/hour – and time spent on the original, rejected settlement is excluded from the lodestar calculation, Class Counsel's lodestar is no more than $1.2

million, and the lodestar multiplier for their requested fee approaches 7, a clearly excessive multiplier for this case.

Given that this case lasted a little over a year between filing and the first settlement, Class Counsel's fee should be adjusted *downward* from 25% to 10%, or $3.25 million, a fee that would provide Class Counsel with a reasonable 2.7 multiplier on their reasonably calculated lodestar after unsuccessful hours have been excluded.

This case was filed on December 23, 2014, and the first settlement was announced on December 14, 2015, not even a year later. The case was stayed while this Court considered that settlement, which was ultimately rejected on August 30, 2016. Thereafter, the parties engaged in renewed settlement negotiations, which resulted in the second settlement in April 2017. The only motion of substance filed between the commencement of the case and the first settlement was Uber's motion to stay proceedings pending arbitration. That motion was never decided, as the parties stayed proceedings pending mediation in June 2015.

Therefore, while this case has been pending for three years, the amount of time during which this case was actively litigated was only six months. Thereafter, the parties were engaging in settlement negotiations and seeking approval of the two successive settlements that were reached in this case. Furthermore, after Uber agreed to the first settlement in December 2016, there was little to no risk to Class Counsel of zero recovery. At that point, it was clear that Uber was willing to pay a substantial amount of money in settlement of this action that would permit Class Counsel to request a fee in excess of their lodestar. Even after this Court rejected that settlement, the likelihood that Uber would elect to fight this case to a defense verdict rather than contribute an

additional amount to address this Court's concerns was negligible, and indeed Uber ultimately agreed to add $4 million to the pot to bring the settlement into the range of reasonableness.

In common fund cases, courts in the Ninth Circuit may use either the percentage-of-fund or the lodestar method to determine a reasonable fee, as long as the resulting fee is reasonable. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). While there is a widely-cited benchmark of 25% in common fund cases, the fee analysis requires a consideration of the time expended on the case, either to determine the basis for a lodestar/multiplier award, or as a cross-check to determine whether to adjust a percentage award. Here, that analysis counsels against a straight benchmark percentage, and certainly forecloses the higher percentage requested here. Class Counsel's reasonably recalculated lodestar to date is no more than $1.2 million, reduced for time spent working on the first, rejected settlement, and calculated at reasonable rates. The lodestar alone is strongly presumed to be a reasonable fee which, like the percentage benchmark, may be adjusted to account for the circumstances of the case. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (the lodestar figure is "presumptively reasonable.").

The obvious disparity between a 25% "benchmark" percentage fee of about $8,125,000 and a "presumptively reasonable" lodestar fee of about $1.2 million suggests that, whichever method it chooses in squaring the circle, this Court should carefully consider the factors used to adjust either figure to ensure it arrives at a reasonable fee.

3

This Court has previously denied a request for the benchmark 25% fee in a case that posed little risk and was of short duration. *Rose v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014). In *Rose*, the district court rejected a request for a 25% fee that would have resulted in a multiplier of between 5 and 8, and instead applied a multiplier of 2.59 to a reduced lodestar. *Id.* at *36-37. *See also Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1049 (S.D. Cal. 2015) (awarding 15% fee resulting in 2.8 multiplier).

The court in *Rose* gave close scrutiny to class counsel's lodestar there, and found that class counsel had billed excessive hours to settlement negotiations. 2014 U.S. Dist. LEXIS 121641 at *23. Similarly, in this case, the largest category of hours by percentage is "Settlement/Non-Binding ADR," accounting for 1073 hours, 37.9% of the total. As this Court stated in *Rose*:

> The 800 hours in settlement negotiations and mediation stands out as particularly excessive. Representative counsel for all firms participated in three full-day mediations before Judge Infante. In the Court's experience, there is little reason why so many attorneys would need to be present during the mediation sessions. Rather, lawyers on the same side often find it more efficient to prepare their negotiating position in advance, then delegate a small number of attorneys to execute. Furthermore, no reasonable client would approve 800 hours of firm time to complete the tasks under this category, especially at these rates. The Court therefore reduces the number of hours billed under this category to 400.

*Id*. at *23.[1]

Similarly, here, the Court should reduce the number of hours claimed for Settlement and ADR by at least 50%. First, most if not all of this time consists of

---

[1] Class Counsel here participated in six full day mediation sessions, which corresponds to *Rose* when one takes into account that counsel here had to do it twice because the first settlement was rejected. Six full day mediation sessions would consume no more than 50 hours for one attorney. Therefore, Class Counsel must have overstaffed each mediation session with multiple, redundant attorneys.

4

partner-rate billing, which is the source of the exorbitant average hourly rate in this case of $669.  Second, the claimed total of 1073 hours includes two sets of settlement negotiations, one in connection with the first, rejected settlement, and the second in connection with the amended settlement currently before the Court.  The Class should not be penalized because the first settlement negotiated by Class Counsel failed to match the settlement benefits to each class member's damages and therefore earned this Court's rejection.  Indeed, in the context of this case and the rejected original settlement, a 50% reduction of lodestar related to settlement negotiations would be extremely conservative.

Assuming an average hourly rate for Settlement and ADR of $750, the 50% reduction of hours for that category equates to a lodestar reduction of more than $400,000.  At a lodestar of $1.4 million, Class Counsel's requested fee represents a multiplier of 5.8.

This Court should follow the careful analysis of Judge Davila in *Rose* and award Class Counsel a fee of no more than 2.6 times their appropriately reduced lodestar to account for inefficiencies and excessive billing for tasks that should not have consumed more than a few hundred hours.

For the foregoing reasons, this Court should award Class Counsel a fee of no more than 10% of the settlement, or $3.25 million.

                Respectfully submitted,
                Robert Hudson,
                By his attorney,

                */s/ John J Pentz*
                John J. Pentz, Esq., *pro hac vice*
                19 Widow Rites Lane
                Sudbury, MA 01776
                Phone: (978) 261-5725

jjpentz3@gmail.com

C. Benjamin Nutley, Esq.
1055 E. Colorado Blvd.
Pasadena, CA 91106
(310) 654-3365
nutley@zenlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on January 5, 2018 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ John J Pentz*