UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN McKNIGHT, et al.,<br><br>        Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No. 3:14-cv-05615-JST |

### OBJECTION TO REQUEST FOR ATTORNEYS' FEES

    Class member Jennifer Hinojosa, 4932 SW 19th Street Gainesville  FL  32653  hereby objects to Class Counsel's request for attorney's fees. Ms. Hinojosa has filed Payment Election claims and her claim numbers are VA9NPQPE and NOLAWVZS.

    The attorneys' fees in this matter should be less than this circuit's 25% benchmark. This case was filed on December 23, 2014, and the first settlement was announced a year later on December 14, 2015. The case was stayed while this Court considered the proposed  settlement, which was ultimately rejected on August 30, 2016. Thereafter, the parties reached a second proposed settlement in April 2017.  In this matter although this case has been pending for three years, the amount of time during which this case was actively litigated was relatively small. Bloomberg reported that Uber's revenue from the fee was $449 million. https://www.bloomberg.com/news/articles/2016-08-31/another-uber-settlement-is-rejected-this-time-over-riders-fee. Therefore there was little risk that Uber wouldn't settle to avoid that potential downside liability. It is not a coincidence that the $32.5 million settlement is about 7.5 percent of the downside liability.

In common fund cases, Courts in the Ninth Circuit may use either the percentage-of-fund or the lodestar method to determine a reasonable fee, as long as the resulting fee is reasonable. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). Class Counsel's lodestar is strongly presumed to be a reasonable fee which, like the percentage benchmark, may be adjusted to account for the circumstances of the case. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (the lodestar figure is "presumptively reasonable.").

In *Rose v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014) the Court denied a request for a 25% fee in a case that, like this one, posed little risk and was not extensively litigated.. The Rose Court gave close scrutiny to class counsel's lodestar. Such scrutiny here reveals that almost 40% of all time expended was related to settlement, not litigation.

For the foregoing reasons, this Court should award Class Counsel a fee based on their loadstar..

Respectfully submitted,

  /s/ Alan J.herwood
Alan J. Sherwood
CA Bar No: 118330
Attorney for Objector Hinojosa
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
(510) 409-6199
Email: alansherwood@earthlink.net

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2018 a the foregoing Objection was filed with the Clerk of the Court using the Court's CM/ECF system and all counsel of record were noticed and served by the CM/ECF system.