UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MCKNIGHT, JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE, and ERNESTO MEJIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER, LLC, a Delaware Limited Liability Company<br><br>Defendants. | CASE NO. 4:14-cv-05615-JST<br><br>**FINAL JUDGMENT [PROPOSED]**<br><br>Hon. Jon S. Tigar, Presiding |

IT IS HEREBY ADJUDGED AND DECREED IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The settlement of this class action on the terms set forth in the Parties' Amended Stipulation of Settlement, ECF No. 125 (the "Settlement"), is finally approved, and the following Class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): The Class shall consist of all persons who, from January 1, 2013 to January 31, 2016, used the Uber App or website to obtain service from one of the Uber Ride Services With A Safe Rides Fee in the United States or its territories. "Uber Ride Services With A Safe Rides Fee" means all transportation services that were arranged through Defendants' website or the Uber App where a Safe Rides Fee was paid (such as UberX, *etc.*). "Uber App" means the Uber smartphone application by which riders may request Uber Rideshare Services. "Uber Rideshare Services" means all transportation services that are arranged through Defendants' website or the Uber App, regardless of type of ride or service that is requested. "Uber" means the companies, incorporated in the State of Delaware as Uber Technologies, Inc. and Rasier, LLC, who operate the ride share service commonly known as Uber. Excluded from the Class are (a) all persons who are employees, directors, and officers of Uber Technologies, Inc. and Raiser, LLC; and (b) the Court and Court staff. "Employees" means any person whose Uber account email address ended with "@uber.com" as of May 8, 2017.

2. The Court finds that only those individuals specifically listed in Attachment 9 to the Declaration of Cameron Azari (ECF No. 164), a copy of which is attached hereto as Exhibit A, have submitted timely and valid requests for exclusion from the Class and therefore are not bound by the Settlement or this Final Judgment. All other members of the Class are bound by the terms and conditions of the Settlement and this Final Judgment.

3. The Class Notice, the Long Form Notice, the Summary Notice, the website, the toll-free telephone number, all other notices in the Settlement, the Declaration of the Settlement Administrator, and the notice methodology implemented pursuant to the Settlement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from

the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in *Byron McKnight, et al. vs. Uber Technologies, Inc., et al.*, Case No. 3:14-cv-05615-JST, which was and consolidated with: *Julian Mena, et al. v. Uber Technologies, Inc.,* Case No. 3:15-cv-00064-JST (collectively, the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement, without costs to any party except as provided here and in the Court's Order Allowing Distribution of Settlement Fund Balance and Bifurcating Attorneys' Fees and Expenses, and in any subsequent order regarding Attorneys' Fees and Expenses.

5. All Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class actions ), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release. All Class Members, including all persons acting on their behalf (including but not limited to the Releasing Parties), are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim, or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

6. Pursuant to Paragraphs 10 and 54 of the Settlement, Defendants are hereby enjoined as follows:

(a) Defendants will not describe or title any fee that they charge for their services, including any charge for Uber's Rideshare Services, as the "Safe Rides Fee."

(b) In any Commercial Advertising, Defendants will not make the following representations regarding their background checks:

(i) Defendants shall not list any offense type that does not result in automatic disqualification as a driver during the initial screening process without explaining the disqualification criteria; and

(ii) Defendants shall not represent that they screen against arrests for any instances where Defendants actually screen only against convictions.

(c) In any Commercial Advertising regarding background checks, Defendants shall identify the time period covered by the background check report Defendants use to screen potential drivers or, if shorter, any time period used for disqualification purposes.

(d) In any Commercial Advertising, Defendants shall not use the terms "best available," "industry leading," "gold standard," "safest," or "best-in-class" in connection with their background checks.

(e) In any Commercial Advertising, Defendants shall not use the following phrases to describe Uber's Rideshare Services: "safest ride on the road," "strictest safety standards possible," "safest experience on the road," "best in class safety and accountability," "safest transportation option," "background checks that exceed any local or national standard," or "safest possible platform."

(f) Before any person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above, that person or entity must serve written notice on Defense Counsel (with copy to Class Counsel) stating with specificity the basis for this allegation. Defendants will then have thirty (30) days from receipt of notice to cure any alleged breach. No person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above until this thirty (30) day period has expired. If Defendants have cured the alleged breach within thirty (30) days, then Defendants shall not be deemed to have breached the injunctive relief set forth above.

7. Class Counsel and Defendants shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement and the Orders of the Court.

8. Class Counsel are awarded $40,783.38 total as reimbursement for their reasonably incurred litigation expenses, and such Attorneys' Fees as may be awarded in a subsequent order following a renewed fee motion filed in accordance with this Court's Order Allowing Distribution of Settlement Fund Balance and Bifurcating Attorneys' Fees and Expenses. *See* Fed. R. Civ. P. 54(d)(2).

9. Plaintiffs Julian Mena, Todd Schreiber, Nate Coolidge, Ernesto Mejia, and Byron McKnight shall each be awarded $500 as a service award in their capacities as a representative Plaintiffs in the Action.

10. The Court will retain continuing jurisdiction over the Action for the reasons and purposes set forth in this Court's Order Allowing Distribution of Settlement Fund Balance and Bifurcating Attorneys' Fees and Expenses.

11. The objection(s) to the Amended Stipulation of Settlement lack merit and are overruled.

_____
Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**LIST OF PERSONS WHO REQUESTED EXCLUSION**



# Mcknight v Uber (8796)
## Opt-Out Received Summary

**Opt-Out Deadline 1/8/2018**

| Claimant Name | Doc ID | Postmark Date | Epiq Received | Document Status | Class List |
|---|---|---|---|---|---|
| PETER ARNOLD | 900000001 | 9/14/2017 | 9/19/2017 | Complete | TRUE |
| KEVIN BAKER | 900000002 | 9/22/2017 | 9/25/2017 | Complete | TRUE |
| JOSEPH LEBOURGEOIS | 900000003 | 9/20/2017 | 9/25/2017 | Complete | TRUE |
| KATHERINE JOHNSTON | 900000004 | 9/25/2017 | 9/27/2017 | Complete | TRUE |
| CHUCK PICCIRILLO | 900000005 | 9/25/2017 | 9/29/2017 | Complete | TRUE |
| JONATHAN COTTRILL | 900000006 | 9/25/2017 | 9/28/2017 | Complete | TRUE |
| THOMAS JAEHNE | 900000007 | 9/28/2017 | 10/2/2017 | Complete | FALSE |
| THOMAS JAEHNE | 900000008 | 9/29/2017 | 10/2/2017 | Complete | FALSE |
| MICHELLE KARKER | 900000009 | 9/28/2017 | 10/2/2017 | Complete | TRUE |
| STEVENSON KAMINER | 900000010 | 10/3/2017 | 10/6/2017 | Complete | TRUE |
| HILLARY PROKOP | 900000011 | 10/2/2017 | 10/9/2017 | Complete | TRUE |
| DIAN CANTON | 900000012 | 10/2/2017 | 10/9/2017 | Complete | TRUE |
| WILLIAM HORKA | 900000013 | 10/3/2017 | 10/9/2017 | Complete | TRUE |
| ROBERT CHO | 900000014 | 10/3/2017 | 10/9/2017 | Complete | TRUE |
| GWEN PASTEL | 900000015 | 10/11/2017 | 10/13/2017 | Complete | TRUE |
| CHRISTOPHER ZAMMIT | 900000016 | 10/10/2017 | 10/13/2017 | Complete | TRUE |
| ROMAN SMIRNOV | 900000017 | 10/13/2017 | 10/16/2017 | Complete | TRUE |
| LISA CHEPONKUTE | 900000018 | 10/12/2017 | 10/23/2017 | Complete | TRUE |
| ROBERT NARDIL | 900000019 | 10/17/2017 | 10/23/2017 | Complete | TRUE |
| KYLE KING | 900000020 | 10/23/2017 | 10/30/2017 | Complete | TRUE |
| KATHRYN WALLER | 900000021 | 10/23/2017 | 10/30/2017 | Complete | TRUE |
| SAM KELLOW | 900000022 | 10/24/2014 | 10/30/2017 | Complete | TRUE |
| MILJA ALVAREZ | 900000023 | 10/1/2017 | 11/3/2017 | Complete | TRUE |
| JOSEPH GNEHM | 900000024 | 11/3/2017 | 11/8/2017 | Complete | TRUE |
| ALICIA DENBESTE | 900000025 | 11/2/2017 | 11/8/2017 | Complete | TRUE |
| CINDY STOWERS | 900000026 | 11/15/2017 | 11/20/2017 | Complete | TRUE |
| TAMARA NELSON | 900000027 | 12/5/2017 | 12/11/2017 | Complete | TRUE |
| JAKE UNGAR | 900000028 | 12/8/2017 | 12/12/2017 | Complete | TRUE |
| WENDI STRAWN | 900000029 | Null | 12/21/2017 | Complete | TRUE |
| VIRGINIA MELONI | 900000030 | 12/22/2017 | 12/26/2017 | Complete | TRUE |
| OLENA MCHUGH | 900000031 | 12/20/2017 | 12/26/2017 | Complete | TRUE |
| ZEINAH SALAHI | 900000032 | Null | 1/4/2018 | Complete | TRUE |
| MICHELLE KANG | 900000033 | 1/2/2018 | 1/5/2018 | Complete | TRUE |
| NICHOLAS WEBER | 900000034 | Null | 1/5/2018 | Complete | TRUE |
| LAITH UKRA | 900000035 | 1/4/2018 | 1/8/2018 | Complete | TRUE |
| VIVIAN LY | 900000036 | 1/3/2018 | 1/8/2018 | Complete | FALSE |
| WALTER NELSON | 900000037 | 1/5/2018 | 1/5/2018 | Complete | FALSE |
| SHEINAGH VILLANUEVA | 900000038 | 1/8/2018 | 1/11/2018 | Complete | TRUE |
| AARON SYLVESTER | 900000039 | 1/8/2018 | 1/8/2018 | Incomplete | TRUE |
| CIANAN LESLEY | 900000040 | 1/12/2018 | 1/16/2018 | Late | TRUE |