1  Alan J. Sherwood
   California Bar Number-118330
2  Law Offices of Alan J. Sherwood
   26755 Contessa St
3  Hayward, CA 94545
   Telephone (510) 409-6199
4  AlanSherwood@earthlink.net

5  N. Albert Bacharach, Jr. *Pro Hac Vice*
   Florida Bar Number: 209783
6  N. Albert Bacharach, Jr., P.A.
   4128 NW 13th Street
7  Gainesville, Florida 32609-1807
   Phone: (352) 378-9859
8  Fax: (352) 338-1858
   N.A. Bacharach@att.net
9
   Attorneys for Objector Jennifer Hinojosa
10

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MCKNIGHT, JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE, and ERNESTO MEJIA, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER, LLC, a Delaware Limited Liability Company,<br>    Defendants. | Case No. 4:14-cv-05615-JST<br><br>Hon. Jon S. Tigar, Presiding<br><br>**OBJECTOR JENNIFER HINOJOSA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>Date: Thursday October 21, 2021<br>Time: 2:00 P.M.<br>Location: Courtroom 6 - 2nd Floor 1301 Clay Street, Oakland, CA 94612<br><br>**Filed concurrently with the Declaration of N. Albert Bacharach, Jr.** |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on Thursday October 21, 2021, in Courtroom 6 of the above-captioned Court before the Honorable Jon S. Tigar, Objector Hinojosa will move the Court for an Order: awarding Objector Hinojosa's counsel's attorneys' fees in the amount of $487,112.00.

Objector Hinojosa's motion is based upon her Notice of Motion and Motion, her Memorandum of Points and Authorities; the concurrently filed Declaration of N. Albert Bacharach, Jr.; all papers and records on file in this matter; and such other matters as the Court may consider.

Dated September 15, 2021

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr. Pro Hac Vice
Florida Bar Number: 209783
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, Florida 32609-1807
Phone: (352) 378-9859
Fax: (352) 338-1858
N.A. Bacharach@att.net

Alan J. Sherwood
California Bar Number-118330
Law Offices of Alan J. Sherwood
26755 Contessa St
Hayward, CA 94545
Telephone (510) 409-6199
AlanSherwood@earthlink.net

Attorneys for Objector Hinojosa

# **TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.  OBJECTOR HINOJOSA'S CONTRIBUTION IN THIS MATTER . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B. THE COURT SHOULD AWARD OBJECTOR HINOJOSA'S COUNSEL
    REASONABLE ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Activision Securities Litig.,* 723 F. Supp. 1373 (N.D. Cal. 1989). . . . . . . . . . . . . . . . . . . . . . 4

*Chu v. Wells Fargo Investments, LLC,* 211 U.S. District LEXIS 15821 (N.D. Cal. Feb. 15, 2011) 4

*In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.,* 109 F.3d 602 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*de Mira v. Heartland Employment Service, LLC,* 2014 U.S. District       LEXIS 336685 . . 4

*Etter v. Thetford Corp.,* 2017 U.S. District LEXIS 59814 9-12       (C.D. Cal. Apr. 14, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Eubank v. Pella Corporation.,* 753 F.3d 718 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re First Databank Antitrust Litigation,* 209 F. Supp. 2d 96 (D.D.C. 2002) . . . . . . . . . . . . . . . 5

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) . . . . . . . . . . . . . . 2

*Linney v. Cellular Alaska Partnership, Nos. C-96-3008 DLJ, et al.,* 1997 U.S. District LEXIS 24300 at18-21 (N.D. Cal. July 18, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*McCown v. City of Fontana,* 565 F.3d 1097 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Omnivision Technologies, Incorporated,* 559 F.Supp.2d 1036       (N.D. Cal. 2008)  4

*Reynolds v. Beneficial National Bank,* 288 F.3d 277 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 3

*Rodriguez v. Disner (Rodriguez II),* 688 F.3d 645 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . 2

*Stetson v. Grissom,* 821 F.3d 1157 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Swedish Hospital Corporation v. Shalala,* 303 U.S. App. D.C. 94,       1 F.3d 1261 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Transpacific Passenger Air Transportation Antitrust Litig.,* 2015 U.S. District LEXIS 106943 at12-14 (N.D. Cal. Aug. 13, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Zucker v. Occidental Petroleum Corporation,* 192 F.3d 1323 (9th Cir. 1999) . . . . . . . . . . . . . . 3

## FEDERAL STATUTES

28 U.S.C. §§ 1332(d),1453 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1712 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, Objector Hinojosa request the Court award her counsel $487,112.00 of the settlement fund in recognition of the substantial benefit they helped achieved in reducing Class Counsel's fee by $2,435,560, from the requested $8.125 million to the awarded $5,689,440. The requested fee is 20% of the $2,435,560 the class saved in attorney fees. The amount requested is well within reason and consistent with Ninth Circuit law on fees and well-justified by the substantial benefits conferred by Objector Hinojosa regarding analysis of the chicken and egg problem faced by the Court.

## II. OBJECTOR HINOJOSA'S CONTRIBUTION IN THIS MATTER

After this Court previously decided that this matter was governed by The Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d),1453, and 1711–1715. Objector Hinojosa informed the Court: that Class counsels attorneys' fees are therefore governed by § 1712 (a) which provides in part that "the portion of any attorney's fee award to class counsel that is attributable to the award of coupons shall be based on the value to the class members of the coupons that are redeemed;" that more then 99.75% of class members will receive their settlement share by means of a coupon like Uber Rider Account credit (Uber Coupon); that essentially there would be no cash distribution to the class members; and, that the possibility that some unused coupons may be converted to cash a year after distribution of the Uber Coupons would be *de minimus* and would not change the current analysis.

That analysis was that, assuming the following: (i) $2,500 as the total Service Awards to Class Representatives, (ii) $40,783.38 as the total expenses to be reimbursed to Class Counsel, and (iii) $487,000 for the total Settlement Administration Expenses, the Settlement Fund Balance would be $32,006,421.62 (32,500,000- $530,283.38 = $32,006,421.62). Without any deduction for attorney's' fees, $31,926405.56 of the $32,006,421.62 would be distributed as Uber Coupons and only $80,016.06 would be distributed as cash, in the form of a PayPal credit or an echeck.

Therefore, the analysis shows that despite the appearance that Uber is paying out $32,500,000.00 in cash to settle this matter, that is not the reality. In reality, 99.75% of the net settlement after a deductions for Service Awards to Class Representatives, expenses to be reimbursed to Class Counsel, and Settlement Administration Expenses (leaving aside attorney's fees for the moment) would go back to Uber for distribution as Uber Coupons. Thus, the result would be the same as if Uber agreed to pay $530,283.38 in cash and $32,006,421.62 in coupons.

Objector Hinojosa further argued that "Courts aim to tether the value of an attorneys' fees award to the value of the class recovery. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (explaining that "the most critical factor [in determining an appropriate attorneys' fee] is the degree of success obtained"); *McCown v. City of Fontana*, 565 F.3d 1097, 1103-05 (9th Cir. 2008).

Objector Hinojosa argued that normally in a coupon settlement, Class Counsel expects to be paid in cash even though the class is being paid in coupons - such as the Uber Coupons in this matter. However, normally settlement includes both a cash portion and a coupon portion. This makes the courts duty under CAFA relatively simple because in granting attorney's fees the Court, pursuant to § 1712(a) assesses the redemption value of the coupons from the coupon portion; and then pays class counsel fees out of the cash portion. However, **in this matter that is not possible because of the structure of the settlement which essentially gives back to the defendant, for distribution as Uber Coupons, all of the settlement *res* minus the aforementioned $530,283.38 and incentive awards, costs distribution and cost reimbursement to class counsel. (emphasis added)**

### III. ARGUMENT

**A. THE LEGAL STANDARD**

Where, an objector provides 'substantially enhanced' benefits to a proposed class settlement, the objector's counsel is entitled to seek and be awarded attorneys' fees. *See Rodriguez v. Disner (Rodriguez II)*, 688 F.3d 645, 658 (9th Cir. 2012). In order to receive an award of attorneys' fees, objectors need only show that they either increased the settlement fund

or, as in this matter, "substantially enhanced benefits to the class" in the settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *Stetson v. Grissom*, 821 F.3d 1157, 1164 (9th Cir. 2016); *Etter v. Thetford Corp.*, 2017 U.S. Dist. LEXIS 59814 at 9-12 (C.D. Cal. Apr. 14, 2017) (awarding fees to objector counsel when objections directly and indirectly led to an improved settlement); *In re Transpacific Passenger Air Transp. Antitrust Litig*., 2015 U.S. Dist. LEXIS 106943 at 12-14 (N.D. Cal. Aug. 13, 2015).

In this matter Objector Hinojosa played a valuable role by creating the necessary adversarial process regarding attorney's fees, at a time when both Class Counsel and the defendants were united in advocating for approval of terms and conditions of their settlement. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999) (Court noted that the contribution an objector's attorney made, by providing an adversarial context in which the district court could evaluate the fairness of attorneys' fees, was substantial.) When meritorious objections reveal weaknesses in a settlement and result in a tangible benefits to the class (financially or otherwise), courts are encouraged to award fees to objectors. *Eubank v. Pella Corp., 753 F.3d 718, 720 (7th Cir.* 2014) ("If their objections persuade the judge to disapprove [a settlement], and as a consequence a settlement more favorable to the class is negotiated and approved, the objectors will receive a cash award that can be substantial…") *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (participation by objectors and others is "encouraged by permitting lawyers who contribute materially to the proceeding to obtain a fee.").

### B. THE COURT SHOULD AWARD OBJECTOR HINOJOSA'S COUNSEL REASONABLE ATTORNEYS' FEES

In light of the Objector Hinojosa's substantial contributions to reducing Class Counsel's fees in this matter, the Court should award the amount requested, using a percentage of the amount saved by the class because of the reduction of Class counsel's fees. "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig*., 109 F.3d 602, 607 (9th Cir. 1997). Courts in this Circuit have repeatedly recognized that the percentage method is generally more appropriate

consideration for fees. *In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036, 1046 (N.D. Cal. 2008) (noting dominance of the percentage of the fund method in this District); *Chu v. Wells Fargo Investments, LLC*, 211 U.S. Dist. LEXIS 15821 12 (N.D. Cal.Feb. 15, 2011) (percentage of the fund is appropriate). The percentage of the fund method tends to "remov[e] the inducement to unnecessarily increase hours, ... reduc[e] burdensome paperwork for counsel and the court, and provid[e] a degree of predictability to fee awards." *In re Activision Securities Litig.*, 723 F. Supp. 1373, 1376 (N.D. Cal. 1989).

Under the percentage-of-recovery method, the Court next must determine what percentage to apply to that value to arrive at a resulting fee award. The Ninth Circuit has long instructed that 25% is a proper benchmark. *de Mira v. Heartland Employment Service, LLC*, 2014 U.S. Dist. LEXIS 336685, at 2-3 (N.D. Cal. Mar. 13, 2014) ("The Ninth Circuit has endorsed a benchmark of 25% for attorneys' fee awards" and "[p]ercentage awards of between 20% and 30% are common."). Admittedly, the 25% benchmark is the starting point for the analysis, and the percentage may be adjusted up or down based on the court's consideration of "all of the circumstances of the case." *Vizcaino*, at 1048.

**1. OBJECTOR'S Counsel Represented Ms. Hinojosa's On A *Pro Bono* Basis**

Objector Hinojosa's counsel represented her on a *pro bono* basis; with the understanding that if our work benefitted the class, we would apply to the Court for reasonable attorney fees. (Bacharach Decl. at ¶ 2.)  In addition to assuming the risk that they might not be paid for the time devoted to representing Objector Hinojosa were precluded from devoting time to other pending cases. The Ninth Circuit has recognized that attorneys who take on the risk of  contingency payment should be compensated for having to forgo other work. *Vizcaino*, 290 F.3d at 1050.

**2. The Requested Fee is Reasonable**

A requested fee of 20% of the $2,435,560.00 savings to the class regarding Class Counsel's requested $8.125 million fee is fair and justified in this case. The requested fee is in line with similar awards given to objectors when their participation improves the result for the class. Courts have awarded the lawyers a percentage of the increased value to the classt. *See Swedish Hosp. Corp. v. Shalala*, 303 U.S. App. D.C. 94, 1 F.3d 1261, 1272 (1993) (affirming a

HINOJOSA'S MOTION FOR ATTORNEYS' FEES Case No. 4:14-cv-05615-JST                    **4**

fee award of 20% of the $10 million increase in the fund created by counsel's efforts); *In re First Databank Antitrust Litig.*, 209 F. Supp. 2d 96, 101 (D.D.C. 2002) (awarding counsel 30% of the $8 million increase in the *settlement fund attributable to their efforts); Linney v. Cellular Alaska Partnership, Nos. C-96-3008 DLJ, et al.*, 1997 U.S. Dist. LEXIS 24300, at 18-21 (N.D. Cal. July 18, 1997) (awarding a fee of one third of the settlement fund negotiated by counsel who were retained by the plaintiffs after the court denied approval of a prior settlement proposal).

In this matter, Objector Hinojosa's counsel assisted with the Court's determination to reduce Class Counsel's $8.125 million requested attorney's fees by $2,435,560.

### IV. CONCLUSION

For the foregoing reasons, Objector Hinojosa's Motion for Attorneys' Fees should be Granted, and in recognition of the substantial benefit they achieved in reducing Class Counsel's fee by $2,435,560, from the requested $8.125 million to the awarded $5,689,440. As a result, Objector Hinojosa's Counsel, should be awarded an attorney's fee payment of $487,112, which is 20% of the $2,435,560 the class saved in attorney fees.

Respectfully submitted,

| | |
|---|---|
| Alan J. Sherwood<br>California Bar Number-118330<br>Law Offices of Alan J. Sherwood<br>26755 Contessa St<br>Hayward, CA 94545<br>Telephone (510) 409-6199<br>AlanSherwood@earthlink.net | /s/ N. Albert Bacharach, Jr.<br>N. Albert Bacharach, Jr. Pro Hac Vice<br>Florida Bar Number: 209783<br>N. Albert Bacharach, Jr., P.A.<br>4128 NW 13th Street<br>Gainesville, Florida 32609-1807<br>Phone: (352) 378-9859<br>Fax: (352) 338-1858<br>N.A. Bacharach@att.net<br><br>Attorneys for Objector Hinojosa |