UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MCKNIGHT, JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE, and ERNESTO MEJIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER, LLC, a Delaware Limited Liability Company<br><br>Defendants. | CASE NO. 3:14-cv-05615-JST<br><br>**FINAL JUDGMENT**<br>**[REVISED PROPOSED]**<br><br>Hon. Jon S. Tigar, Presiding |

IT IS on this 15th day of October, 2021, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1.  The Settlement[1] of this class action on the terms set forth in the Parties' Amended Stipulation of Settlement, signed and filed with this Court on June 1, 2017 (ECF 125), is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3):  The Class shall consist of all persons who, from January 1, 2013 to January 31, 2016, used the Uber App or website to obtain service from one of the Uber Ride Services With A Safe Rides Fee in the United States or its territories. "Uber Ride Services With A Safe Rides Fee" means all transportation services that were arranged through Defendants' website or the Uber App where a Safe Rides Fee was paid (such as UberX, *etc.*). "Uber App" means the Uber smartphone application by which riders may request Uber Rideshare Services.  "Uber Rideshare Services" means all transportation services that are arranged through Defendants' website or the Uber App, regardless of type of ride or service that is requested.  "Uber" means the companies, incorporated in the State of Delaware as Uber Technologies, Inc. and Rasier, LLC, who operate the ride share service commonly known as Uber.  Excluded from the Class are (a) all persons who are employees, directors, and officers of Uber Technologies, Inc. and Raiser, LLC; and (b) the Court and Court staff. "Employees" means any person whose Uber account email address ended with "@uber.com" as of May 8, 2017.

2.  The Court finds that only those individuals listed in Attachment 9 to the Declaration of Cameron Azari filed with the Court on January 25, 2018 (ECF 164), have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment or the Court's Final Order Approving Class Action Settlement (ECF 189), as modified by the Court's Order Granting in Part and Denying in Part Plaintiffs' Motions for Attorney's Fees and Costs (ECF 236 and, together with ECF 189, the "Final Approval Orders"). A copy of said Attachment 9 is attached hereto as Exhibit A. All other members of the Class are bound by the terms and conditions of the Amended Stipulation of Settlement, this Judgment and the Final Approval Orders.

---

[1] Unless otherwise defined, capitalized terms herein shall have the same meaning as defined in Section II of the Amended Stipulation of Settlement filed on June 1, 2017 (ECF No. 125) in this Action.

3. The Court hereby enters Judgment in accordance with, and subject to, the terms set forth in the Final Approval Orders.

4. Plaintiffs and Class Representatives Julian Mena, Todd Schreiber, Nate Coolidge, Ernesto Mejia, and Byron McKnight fairly and adequately represented the Class Members.

5. Class Counsel, Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, PC; Mike Arias and Alfredo Torrijos of Arias, Sanguinetti, Stahl & Torrijos, LLP; and Nicholas Coulson of Liddle & Dubin, P.C., fairly and adequately represented the Class Members.

6. The Class Notice, the Long Form Notice, the Summary Notice, the website, the toll-free telephone number, all other notices in the Amended Stipulation of Settlement, the Declaration of the Settlement Administrator, and the notice methodology implemented pursuant to the Amended Stipulation of Settlement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

7. The claims in *Byron McKnight, et al. vs. Uber Technologies, Inc., et al.*, Case No. 3:14-cv-05615-JST, which was and consolidated with: *Julian Mena, et al. v. Uber Technologies, Inc.*, Case No. 3:15-cv-00064-JST (collectively, the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Amended Stipulation of Settlement, which is incorporated here in all respects including all defined terms used therein, without costs to any party except as provided in the Final Approval Orders.

8. Upon the Effective Date, All Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are permanently barred and enjoined from bringing, filing,

commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class actions ), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release.  All Class Members, including all persons acting on their behalf (including but not limited to the Releasing Parties), are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim, or lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

9. Pursuant to Paragraphs 10 and 54 of the Amended Stipulation of Settlement, Defendants are hereby enjoined, as of the Effective Date, as follows:

a. Defendants will not describe or title any fee that they charge for their services, including any charge for Uber's Rideshare Services, as the "Safe Rides Fee."

b. In any Commercial Advertising, Defendants will not make the following representations regarding their background checks:

i. Defendants shall not list any offense type that does not result in automatic disqualification as a driver during the initial screening process without explaining the disqualification criteria; and

ii. Defendants shall not represent that they screen against arrests for any instances where Defendants actually screen only against convictions.

c. In any Commercial Advertising regarding background checks, Defendants shall identify the time period covered by the background check report Defendants use to screen potential drivers or, if shorter, any time period used for disqualification purposes.

d. In any Commercial Advertising, Defendants shall not use the terms "best available," "industry leading," "gold standard," "safest," or "best-in-class" in connection with their background checks.

e. In any Commercial Advertising, Defendants shall not use the following

phrases to describe Uber's Rideshare Services: "safest ride on the road," "strictest safety standards possible," "safest experience on the road," "best in class safety and accountability," "safest transportation option," "background checks that exceed any local or national standard," or "safest possible platform."

      f.      Before any person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above, that person or entity must serve written notice on Defense Counsel (with copy to Class Counsel) stating with specificity the basis for this allegation. Defendants will then have thirty (30) days from receipt of notice to cure any alleged breach. No person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above until this thirty (30) day period has expired. If Defendants have cured the alleged breach within thirty (30) days, then Defendants shall not be deemed to have breached the injunctive relief set forth above.

    10.    Class Counsel and Defendants shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Amended Stipulation of Settlement and pursuant to the Orders of the Court.

    11.    Class Counsel shall be awarded a total of $5,727,022.75 in attorneys' fees and expenses ($5,689,440 in fees and $37,582.75 in expenses), which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Amended Stipulation of Settlement.

    12.    Plaintiffs Julian Mena, Todd Schreiber, Nate Coolidge, Ernesto Mejia, and Byron McKnight shall each be awarded $500 as a service award in their capacities as a representative Plaintiffs in the Action.

    13.    The Court approves the Settlement and find that it is, in all respects, fair, reasonable and adequate to the Class.

    14.    Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of the permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Without in any way affecting the finality of this Final Judgment or of the Final Approval Orders, this Court expressly retains jurisdiction as to all matters relating to the

administration, consummation, enforcement, and interpretation of the Amended Stipulation of Settlement and of this Final Judgment and the Final Approval Orders, and for any other necessary purpose, including, without limitation:

    a.    enforcing the terms and conditions of the Amended Stipulation of Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Amended Stipulation of Settlement, this Final Judgment, or the Final Approval Orders (including, without limitation, whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Uber);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment, the Final Approval Orders, or the Amended Stipulation of Settlement (including, without limitation, Orders enjoining persons or entities from pursuing any claims against Uber), dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as otherwise provided in the Amended Stipulation of Settlement.

_____
Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE