UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MCKNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 14-cv-05615-JST<br><br>**ORDER DENYING OBJECTOR JENNIFER HINOJOSA'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 237 |

Before the Court is Objector Jennifer Hinojosa's motion for attorney's fees. ECF No. 237. The Court will deny the motion.

In class actions, objectors may receive attorney's fees when their "objections result in an increase to the common fund" or "otherwise substantially benefit the class members." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) (citation omitted). But objectors who simply "bring 'about minor procedural changes in the settlement agreement,'" or "whose work is duplicative," or "who merely echo each others' arguments and confer no unique benefit to the class" are not entitled to fees. *Id.* at 659 (citation omitted).

Hinojosa argues that she is entitled to fees because she informed the Court about the coupon-settlement provisions in the Class Action Fairness Act ("CAFA") that govern attorney's fees. *See* ECF No. 237 at 5. By doing so, Hinojosa argues that she "creat[ed] the necessary adversarial process regarding attorney's fees" when the parties "were united in advocating for approval of terms and conditions of their settlement," thus leading the Court to reduce Class Counsel's fee award to better reflect the value the Class received. *Id.* at 5-7.

The Court finds that Hinojosa is not entitled to fees. First, the Court knew about and acknowledged the potential applicability of CAFA's coupon-settlement provisions many months

before Hinojosa raised the issue.  *Compare* ECF No. 189 at 4 (the Court discussing whether the settlement was subject to CAFA's coupon-settlement provisions) *with* ECF Nos. 197, 222 (Hinojosa belatedly raising the argument that the settlement was a coupon settlement and challenging Class Counsel's fee request on that basis).  Second, the Court did not rely on CAFA's coupon-settlement provisions (and thus Hinojosa's only asserted basis for fees) to reduce Class Counsel's fee award.  To the contrary, the Court ultimately rejected the idea that the settlement was a coupon settlement, obviating the need to apply CAFA's coupon-settlement provisions.  *See* ECF No. 236 at 7-8.  And when the Court reduced Class Counsel's fee award, it was for reasons unrelated to any of Hinojosa's objections: because the Court found that the value of the settlement's injunctive component was too difficult to quantify, and because the Court's lodestar cross-check confirmed that a reduced award would fairly compensate Class Counsel.  *Id.* at 11-12.

In short, Hinojosa's objections neither "result[ed] in an increase to the common fund" nor "otherwise substantially benefit[ed] the class members."  *Rodriguez*, 688 F.3d at 658 (citation omitted).  For these reasons, the Court denies Hinojosa's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated:  October 27, 2021



JON S. TIGAR
United States District Judge