UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKNIGHT, et al., )<br>  Plaintiff, )<br>v. )<br>  )<br>UBER TECHNOLOGIES, INC., et al., )<br>  Defendants. )<br>  ) | Case No. 4:14-cv-05615-JST |

### JOINT MOTION FOR A RULING UNDER RULES 23 AND 62.1 DECLARING THAT RULE 23(e)(5) DOES NOT APPLY TO FEE OBJECTIONS AND APPEALS

Two Objector-Appellants[1] to Class Counsel's fee motion hereby move for an indicative ruling pursuant to FRCP 62.1 that the provisions of FRCP 23(e)(5) do not apply in the context of a fee objection or fee appeal. A relatively new provision of Federal Rule of Civil Procedure 23—Rule 23(e)(5)—requires that the district court, after a hearing, approve any agreement which involves the dismissal of an appeal from a judgment approving a settlement "proposal." By its plain terms, Rule 23(e)(5)(B)(ii) applies to settlement objections and appeals only, rather than fee objections, which are governed by Rule 23(h). *See* Eric Alan Isaacson, *A Real-World Perspective on Withdrawal of Objections to Class-Action Settlements and Attorneys' Fee Awards; Reflections on the Proposed Revisions to Federal Rule of Civil Procedure 23(e)(5)*, 10 Elon L. Rev. 36, 64 (2018) (a copy of this article is attached hereto as *Exhibit A*).

In this case, the settlement was finally approved on August 13, 2019. No objector appealed from that decision. Proceedings in this Court over the past two and a half years

---

[1] The Objector-Appellants filing this motion, each of whom filed objections to Class Counsel's fee request and appeals to the Ninth Circuit, are Jennifer Hinojosa and Robert Hudson. Objector-Appellant Gordon B. Morgan takes no position on this motion. Plaintiffs have not yet informed Objectors whether they oppose this motion.

have exclusively concerned the amount of Class Counsel's attorney's fees, which are independent from the underlying settlement proposal.[2]  This Court issued a final fee order on September 2, 2021, and three objectors filed appeals therefrom.  Briefing in those appeals has recently been extended so the parties may engage in mediation.

Neither of the Objector-Appellants objected to the settlement proposal pursuant to Rule 23(e).  Each of them objected to Class Counsel's fee request pursuant to FRCP 23(h)(2), which contains no provision requiring district court approval of the withdrawal of a fee objection or appeal.  Therefore, the fee appeals arising from this Court's overruling of the objectors' fee objections do not implicate Rule 23(e)(5) or require district court approval for their dismissal.  Clarification of whether this Court's approval of the dismissal of the fee appeals currently pending in the Ninth Circuit is required by Rule 23(e)(5) will inform mediation of the appeals and streamline the appellate mediation process.

---

[2] While there may be class action settlements that make the fee award an integral part of the settlement "proposal," this is not such a case.  The two-year delay between settlement approval and fee award illustrates the independence of the fees from the settlement terms.  Settlement approval did not depend on a fee award of any specific amount.  Even if the Court had awarded zero fees under CAFA the settlement would have stood.

WHEREFORE, pursuant to FRCP 62.1, Objectors-Appellants Jennifer Hinojosa and Robert Hudson respectfully request that the Court issue an indicative ruling that Rule 23(e)(5)(B) does not apply in the context of an objection to Class Counsel's fee request or an appeal of the amount of attorney's fees only.

Dated: February 16, 2022

Respectfully submitted,

Respectfully submitted,
Robert Hudson,
By his attorney,

*/s/ John J Pentz*
John J. Pentz, Esq., *pro hac vice*
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

Jennifer Hinojosa,
By her attorney,

*/s/ N. Albert Bacharach*
N. Albert Bacharach, Jr. *Pro Hac* Vice
Florida Bar Number: 209783
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, Florida 32609-1807
Phone: (352) 378-9859
Fax: (352) 338-1858
N.A.Bacharach@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on February 16, 2022 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ N. Albert Bacharach*